## 35200. PATRICK v. THE STATE.

HILL, Presiding Justice.

The United States Supreme Court by its order in Patrick v. Georgia, —- U. S. —- (101 SC 522, 66 LE2d 285) (1980), has vacated this court's judgment in *Patrick v. State,* 245 Ga. 417 (265 SE2d 553) (1980), and remanded this case for further consideration in light of Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980). As mandated, this court has reexamined this case.

The trial court charged the jury: "Before you would be authorized to recommend the death penalty, you must first determine whether, at the time the crime was committed, the following statutory circumstances existed beyond a reasonable doubt: I. The offense of murder was committed while the offender was engaged in the commission of another capital felony, to-wit: Kidnapping, and/or II. The offense of murder was outrageously or wantonly vile, horrible or inhuman in that it involved an aggravated battery to the victim." The second aggravating circumstance charged is an abbreviated version of Code Ann. § 27-2534.1 (b) (7), that is, the trial court omitted the words "torture" and "depravity of mind" which immediately precede aggravated battery in the Code section. The court charged the definitions of simple kidnapping as well as

the definition of aggravated battery from Code Ann. §§ 26-1311 (a) and 26-1305. The jury's verdict recited: "We find the following aggravating circumstances; one, kidnapping and two, aggravated battery to the victim, and we recommend the death penalty." The verdict was more truncated than the charge in that there was no finding by the jury that the murder was "outrageously or wantonly vile, horrible or inhuman."

Subsequent to the United States Supreme Court's decision in Godfrey v. Georgia, supra, we interpreted Code Ann. § 27-2534.1 (b) (7) as follows: "This statutory aggravating circumstance consists of two major components, the second of which has three sub-parts, as follows: (I) The offense of murder was outrageously or wantonly vile, horrible or inhuman (II) in that it involved (A) aggravated battery to the victim, (B) torture to the victim, or (C) depravity of mind of the defendant. In determining '[w]hether . . . the evidence supports the jury's or Judge's finding of [this] statutory aggravating circumstance . . .' (Code Ann. § 27-2537 (c)(2)), the evidence must be sufficient to satisfy the first major component of the statutory aggravating circumstance and at least one sub-part of the second component, as hereinafter set forth." *Hance v. State,* 245 Ga. 856 (3) (268 SE2d 339) (1980), cert. denied —- U. S. —- (101 SC 796, 66 LE2d 611) (1980). We also held that "The phrases 'outrageously or wantonly vile, horrible or inhuman' are words of common understanding, have essentially the same meaning, and are included in the statute to distinguish ordinary murders for which the penalty of death is not appropriate, from those murders for which the death penalty may be imposed. Godfrey v. Georgia, supra. Under the plain meaning of the statute, not only must the murder be outrageously or wantonly vile, horrible or inhuman, but in addition, the facts of the case must show either an aggravated battery to the victim, torture of the victim, or depravity of mind of the defendant as hereinafter explained." *Hance,* supra. We went on to hold that "Insofar as aggravated battery and torture are concerned, only facts occurring prior to death may be considered. The death of a victim who dies instantaneously with little or no forewarning does not involve torture or aggravated battery." *Hance,* supra. We also held that "Where it cannot be determined whether the victim was subjected to an aggravated battery or torture before death, or to mutilation or disfigurement after death, because the exact time of death or the precise act causing death cannot be ascertained, the penalty of death may nevertheless be sustained on the basis of aggravated battery or serious physical abuse before death or depravity of mind demonstrated after death." *Hance,* supra.

In this case the jury did not expressly find that the murder was "outrageously or wantonly vile, horrible or inhuman" as required by

our statute. *Hance,* supra. Furthermore, according to the medical examiner's testimony, the victim sustained three blows to the scalp area of the head, any one of which would have been fatal. Three other blows to the head would have rendered the victim unconscious. The medical examiner testified that it was impossible to determine the sequence of the blows. Thus, the victim may have been dead or only unconscious after the first blow. A victim who dies instantaneously from the first blow cannot be subjected to an aggravated battery. *Hance,* supra. The jury in this case was charged only as to aggravated battery (i.e., not as to torture or depravity of mind) and found only aggravated battery. On appeal, we are required to determine whether the evidence supports the aggravating circumstance found by the jury beyond a reasonable doubt. Code Ann. § 27-2537 (c) (2). In this case, we cannot make such finding because the evidence does not show beyond a reasonable doubt that the victim suffered an aggravated battery before death. Had the jury found both an aggravated battery and depravity of mind, the death penalty could be upheld on appeal on the ground that one of the two occurred. A defendant cannot insulate himself from imposition of the death penalty on the basis of Code Ann. § 27-2534.1 (b) (7) by beating his victim to death in such a manner that it cannot be determined when the fatal blow was struck. Here, however, we have no finding of depravity of mind. Both because the jury made no finding that the murder was "outrageously or wantonly vile, horrible or inhuman" and because this jury made no finding of depravity of mind, Patrick's death penalty must be reversed insofar as it rests on this statutory aggravating circumstance.

The jury verdict in this case recited an additional aggravating circumstance, "kidnapping." On direct appeal we declined to decide whether the court's charge and the jury's verdict — both of which made reference solely to "kidnapping," could sustain the imposition of the death penalty under Code Ann. § 27-2534.1 (b) (2). *Patrick,* supra, 245 Ga. at 424 (10). This statute provides, in relevant part, that the death penalty may be imposed if "The offense of murder . . . was committed while the offender was engaged in the commission of another capital felony. . ." Simple kidnapping is not a capital felony; kidnapping for ransom or with bodily injury is. Code Ann. § 26-1311. The court here charged only "kidnapping" and the jury found only "kidnapping." Since simple kidnapping is not a capital felony as contemplated by Code Ann. § 27-2534.1 (b) (2), the jury's finding of "kidnapping" in this case cannot support the death penalty.

For the foregoing reasons, the death penalty imposed in this case is vacated. The finding that the defendant is guilty of murder and his conviction are unaffected by this decision. Therefore, this case is

remanded for imposition of a life sentence or a new trial as to punishment.

*Conviction reaffirmed; death penalty vacated. All the Justices concur, except Jordan, C. J., who dissents.*

DECIDED FEBRUARY 18, 1981.

*Deryl D. Dantzler,* for appellant.

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.