41722, 41807. HANCE v. THE STATE.
(332 SE2d 287)

HILL, Chief Justice.

This is a death penalty case. On December 15, 1978, William Henry Hance was convicted by a jury of the murder of Brenda Gail Faison, also known as Gail Jackson or Gail Bogen. He was sentenced to death, the jury having found that "the murder was outrageously or wantonly vile, horrible or inhuman in that it involved an aggravated battery to the victim." See OCGA § 17-10-30 (b) (7). The conviction and sentence were affirmed on direct appeal. *Hance v. State*, 245 Ga. 856 (268 SE2d 339) (1980), cert. denied, 449 U. S. 1067 (1980).

After exhausting his state habeas remedies, Hance filed a petition for habeas corpus in the U. S. District Court for the Middle District of Georgia which was denied. On appeal, the Eleventh Circuit set aside the death penalty on the grounds that the prosecutor's closing argument rendered the sentencing fundamentally unfair, and that two jurors were improperly excluded in violation of *Witherspoon v. Illinois*, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968). *Hance v. Zant*, 696 F2d 940 (11th Cir.), cert. denied, 463 U. S. 1210 (1983).

Following a resentencing trial, Hance was again sentenced to death. The jury found the same aggravating circumstance as had been found in the first trial (see above). This is Hance's appeal following resentencing.[1]

1. In related enumerations of error, Hance contends that four jurors were erroneously excluded in violation of *Witherspoon*, supra, that *Witherspoon* qualification produces a death prone jury, and that the trial court erred in declining to strike for cause several jurors who expressed a bias for the death penalty. We will address these contentions seriatim.

The four jurors whom Hance contends were erroneously excluded are Calhoun, Middlebrooks, Lacy and Gates. We have reviewed the transcript of the voir dire, and conclude that each of these jurors was properly excluded under the standard recently set forth in *Wainwright v. Witt*, 469 U. S. ___ (105 SC 844, 852, 83 LE2d 841) (1985), which is ". . . whether the juror's views [on capital punishment] would 'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.' " See *Alder-*

---

[1] The two case numbers are the result of the first notice of appeal having been filed before the motion for new trial was overruled. There is only one appeal.

*man v. State*, 254 Ga. 206 (4) (327 SE2d 168) (1985).

Hance also challenges the jury selection process, arguing that the *Witherspoon* qualification produced a jury prone to give the death penalty both through the exclusion of jurors with scruples about the death penalty and through the emphasis on the death penalty throughout the voir dire necessitated by *Witherspoon*.[2] We conclude that it did not, and we note that a like contention was exhaustively treated and decided contrary to Hance's position in *Mincey v. State*, 251 Ga. 255 (2) (304 SE2d 882), cert. denied, 104 SC 414, 78 LE2d 352 (1983).

Finally, Hance contends that the trial court erred in declining to strike for cause six jurors who expressed a bias against him and in favor of the death penalty: Parker, Deal, Park, Smith, Greene and Cook. Hance, however, only objected at trial to three of the six, Parker, Greene and Cook, and the trial court did not err in failing to excuse the other three absent any objection. *Spivey v. State*, 253 Ga. 187 (6) (d) (319 SE2d 420) (1984), cert. denied, 105 SC 816, 83 LE2d 809 (1985). As for the three objected to, we have reviewed the voir dire and have determined that the trial court did not err in not excusing for cause any of the three jurors to whom Hance objected. *Hance v. State*, supra, 245 Ga. at 864-865; *Devier v. State*, 253 Ga. 604 (3) (d) (323 SE2d 150) (1984), cert. denied, 105 SC 1877, 85 LE2d 169 (1985); *Spivey v. State*, supra, 253 Ga. at 194-96; *Waters v. State*, 248 Ga. 355 (2) (283 SE2d 238) (1981), cert. denied, 103 SC 3551 (1983).

2. Hance also appeals the denial of his motion for a continuance, which was filed on the day trial commenced, Monday, May 7, 1984. The motion set forth that at the time of defendant's earlier trial — December 1978 — the city where he was originally tried and scheduled to be retried — Columbus, Georgia — "was in the midst of a 'manhunt' for a person known only as the 'Stocking Strangler' who had been responsible for seven murders as well as at least one unsuccessful attack with apparent intent to commit murder." The motion further alleged that: "This Defendant was directly tied into the 'Stocking Strangler' situation in that it was alleged that this Defendant had written several letters to the Police Department under the name of 'The Forces of Evil,' wherein the writer of the letters threatened to kill certain people if the police did not find the Columbus Stocking Strangler."[3] The motion further set out that just that

---

[2] This contention was waived by Hance's failure to raise it below. *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981). But see *Castell v. State*, 250 Ga. 776, 788 (301 SE2d 234) (1983). Nonetheless, we must consider whether the *Witherspoon* qualification resulted in the death sentence being "imposed under the influence of passion, prejudice, or any other arbitrary factor." OCGA § 17-10-35 (c) (1); *Castell v. State*, supra.

[3] The certain people the letter writer threatened to kill were Gail Jackson and "Irene," see Division 3, *infra*. One of the letters described the condition Gail Jackson's body would be

past week the police had arrested a suspect in the stocking stranglings, one Carlton Gary, and that on Friday, May 4, 1984, the Muscogee County Grand Jury had indicted Gary on three counts of murder, and the DA had announced that he would seek the death penalty. Finally, the defendant alleged that the current intense publicity about the stocking strangler case made it impossible for him to receive a fair trial at that time. No evidence was introduced in support of the motion. After hearing argument of counsel, the court overruled the motion, noting that the effect of the publicity might be an appropriate area of inquiry on voir dire.

This area was inquired into during voir dire. We have reviewed the voir dire, and find that it does not support the defendant's assertion that the stocking strangler publicity resulted in prejudice to him. The trial court did not abuse its discretion in overruling the motion for continuance.[4] See *Davis v. State*, 240 Ga. 763 (1) (243 SE2d 12) (1978); *Orkin v. State*, 236 Ga. 176 (5) (223 SE2d 61) (1976).

3. Hance complains of the admission of evidence of a murder for which he was not indicted, that of Irene Thirkield.[5] He recognizes that this evidence was previously held admissible. *Hance v. State*, supra, 245 Ga. at 865. But he argues that in the earlier trial, it was ruled admissible in the guilt/innocence phase, while here there is no issue as to guilt, and Hance contends that since guilt was not at issue, the evidence was admitted solely to convince the jurors to recommend the death penalty. That ignores the fact that in a resentencing trial such as this, while the state has no legal burden to establish guilt, as a practical matter the state must present sufficient evidence to allow this jury to independently satisfy itself of the defendant's guilt, as well as determine what punishment should be imposed. For this reason, except possibly in unusual circumstances not present here, evidence which was admissible in the guilt/innocence phase is admissible in the resentencing trial. Thus it is not necessary to reexamine the admissibility of this evidence. Because it was held to have been properly admitted in the guilt/innocence phase, it follows that the evidence was also admissible upon resentencing. See *Alderman v. State*, supra, 254 Ga. 206 (8); *Zant v. Stephens*, 250 Ga. 97, 100 (297 SE2d 1) (1982); *Blankenship v. State*, 251 Ga. 621, 624 (308 SE2d 369) (1983); *Devier v. State*, 253 Ga. 604 (9) (323 SE2d 150) (1984), cert. denied, 105 SC 1877 (1985).

---

in when found.

[4] Hance had previously filed two motions for continuance on different grounds, both of which had been granted.

[5] Irene Thirkield's body was found on Fort Benning. Hance's attorney explained, in arguing his motion in limine to exclude any reference to Thirkield's murder, that Hance was court-martialed and found guilty of her murder. The conviction was, however, reversed on appeal, and he was not retried.

4. The defendant contends that the trial court erred in admitting into evidence photographs of the victim's body and pieces of the victim's bones, bone chips, and teeth found in the vicinity of her body, and pictures of Irene Thirkield's body. All of the photographs complained of on appeal were taken at the scene where the bodies were discovered, and all depict the injuries inflicted upon the victims. While they are undeniably unpleasant, they are also undeniably relevant. *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). We note that they were not overly repetitious; in fact the trial court had declined to admit one closeup of Irene Thirkield's body at the first trial because he found it cumulative, and the state therefore declined to attempt to introduce it at the resentencing.

The other physical evidence introduced over objection related to the murder of Brenda Gail Faison. This consisted of bones, bone fragments, and teeth. Testimony indicated where they were found. Thus, the exhibits were relevant to the issue being tried; that is, the testimony and exhibits taken together illustrate the force with which the victim was beaten, and the extent of that force is relevant to the sentencing decision, especially where the statutory aggravating circumstance is OCGA § 17-10-30 (b), which requires a finding that the murder be "outrageously or wantonly vile, horrible or inhuman." See *Hance v. State*, supra, 245 Ga. at 861; *Green v. State*, 246 Ga. 598 (9), 609 (Hill, J., concurring in part and dissenting in part) (272 SE2d 475) (1980), cert. denied, 450 U. S. 936 (1981).

5. The defendant contends that the prosecutor's closing argument at the sentencing phase deprived him of due process. He cites in support of this contention the fact that the district attorney told the jury that if they returned a verdict recommending death they would not be responsible for Hance's execution any more than would be the police officers involved, the grand jurors, the prison officials, the DA himself or the trial judge. Rather, he argued, Hance himself bore the ultimate responsibility because it was he who committed the crime which authorized imposition of the death sentence. We do not find this accurate statement of the criminal justice process to be objectionable, and we hold that it did not introduce "passion, prejudice or any other arbitrary factor," OCGA § 17-10-35 (c) (1), nor did it tend to diminish the jury's sense of responsibility or deny the defendant fundamental fairness. See *Conner v. State*, 251 Ga. 113 (5) (303 SE2d 266), cert. denied 104 SC 203 (1983); *Corn v. Zant*, 708 F2d 549, 557-558 (11th Cir. 1983), cert. denied, 104 SC 2670 (1984); *Caldwell v. Mississippi*, 53 USLW 4743 (June 11, 1985).

6. The defendant contends that the evidence does not support the aggravating circumstance found because it does not establish that an aggravated battery occurred before death. He argues that this case is controlled by *Patrick v. State*, 247 Ga. 168, 170 (274 SE2d 570)

(1981), in which we held: "The jury in this case was charged only as to aggravated battery (i.e., not as to torture or depravity of mind) and found only aggravated battery. On appeal, we are required to determine whether the evidence supports the aggravating circumstance found by the jury beyond a reasonable doubt. Code Ann. § 27-2537 (c) (2). In this case, we cannot make such finding because the evidence does not show beyond a reasonable doubt that the victim suffered an aggravated battery before death."

The evidence in the case before us is quite different. The evidence presented in this resentencing was substantially the same as that presented at the first trial. In Hance's first appeal, we held: "Under the evidence of this case, the victim was struck on the head with a karate chop and fell over bleeding. She was pulled from the car with such force that her elbow was dislocated. All of these injuries occurred prior to death. The victim, again while still alive, was beaten with a tire jack with such force and savagery that when found her face from the top of the eyes down was completely missing, and parts of her jaw and skull were found within a nine foot radius of the body. The cause of death was *multiple* compound fractures of the skull and face, and evulsion (removal) of the victim's brain. Although it is unknown at what exact time during the beating the victim died, the jury was authorized to find from the evidence, an aggravated battery prior to death in that the victim's elbow and face were at a minimum rendered useless. Code Ann. § 26-1305. See *Baker v. State*, 245 Ga. 657 (1980)." *Hance v. State*, supra, 245 Ga. at 866-67. We apply that decision to the evidence presented upon resentencing and find that it satisfies the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Likewise, notwithstanding evidence in mitigation introduced at this resentencing trial, we adhere to our previous decision that "Appellant's sentence to death for murder is not excessive or disproportionate to the penalty imposed in similar cases considering the crime and the defendant." Id. at 867. The similar cases listed in the appendix support the affirmance of the death penalty.

7. We have reviewed this resentencing trial pursuant to OCGA § 17-10-35 (c) (1) and Rule IV (B) (2) of the Unified Appeal Procedure. 246 Ga. A 1, A 16 (1980). We conclude that the sentence of death is supported by the evidence according to law, and was not imposed under the influence of passion, prejudice or any other arbitrary factor.

8. The foregoing divisions of this opinion respond to enumerations raised on defendant's behalf by his attorney. The defendant himself has written this court arguing that the trial court erred in failing to suppress his confession, and that the evidence does not connect him to the crime. Those issues were decided adversely to defendant in *Hance v. State*, supra, 245 Ga. 856 (2) (5), and were not open for relitigation. Moreover, the transcript now before us shows that

Hance admitted to the resentencing jury that he killed Brenda Gail Faison as well as Irene Thirkield.
*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1985 —
REHEARING DENIED JULY 23, 1985.

*H. Haywood Turner III,* for appellant.
William Henry Hance,. *pro se.*
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.

APPENDIX.

*Allen v. State,* 253 Ga. 390 (321 SE2d 710) (1984); *Finney v. State,* 253 Ga. 346 (320 SE2d 147) (1984); *Conner v. State,* 251 Ga. 113 (303 SE2d 266) (1983); *Williams v. State,* 250 Ga. 553 (300 SE2d 301) (1983); *Mathis v. State,* 249 Ga. 454 (291 SE2d 489) (1982); *Smith v. State,* 249 Ga. 228 (290 SE2d 43) (1982); *Cunningham v. State,* 248 Ga. 558 (284 SE2d 390) (1981); *Cervi v. State,* 248 Ga. 325 (282 SE2d 629) (1981); *Cape v. State,* 246 Ga. 520 (272 SE2d 487) (1980); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977).