§ 1983 remedy pending pursuit of state remedies is questionable under *Patsy*, and conflicts with the decision of the Connecticut Supreme Court in *Fetterman* v. *University of Connecticut*, 192 Conn. 539, 473 A. 2d 1176 (1984), where *Patsy* was held to prevent state as well as federal courts from imposing a requirement of exhaustion of state administrative remedies on § 1983 plaintiffs. I would grant certiorari to resolve this conflict.

No. 85–659. HOPFMANN v. UNITED STATES FEDERAL ELECTION COMMISSION ET AL. C. A. D. C. Cir. Motion of The Free Congress Research and Education Foundation for leave to file a brief as *amicus curiae* granted. Motion of petitioner to defer consideration of the petition for writ of certiorari denied. Certiorari denied.

No. 85–5642. HANCE v. GEORGIA. Sup. Ct. Ga.;
No. 85–5663. CONKLIN v. GEORGIA. Sup. Ct. Ga.;
No. 85–5665. BELL v. ALABAMA. Sup. Ct. Ala.;
No. 85–5694. MCKAGUE v. NEVADA. Sup. Ct. Nev.; and
No. 85–5701. BROWN v. FLORIDA. Sup. Ct. Fla. Certiorari denied. Reported below: No. 85–5642, 254 Ga. 575, 332 S. E. 2d 287; No. 85–5663, 254 Ga. 558, 331 S. E. 2d 532; No. 85–5665, 475 So. 2d 609; No. 85–5694, 101 Nev. 327, 705 P. 2d 127; No. 85–5701, 473 So. 2d 1260.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 85–5693. OWENS, BY HIS GUARDIAN AD LITEM, OWENS v. BOURNS, INC., ET AL. C. A. 4th Cir. Motion of National Federation of the Blind for leave to file a brief as *amicus curiae* granted. Certiorari denied.

No. 85–368. SEIBOLD v. UNR-ROHN CO., *ante*, p. 920;
No. 85–5180. MADEJ v. ILLINOIS, *ante*, p. 935; and
No. 85–5395. FOWLER v. SOUTHEAST TOYOTA DISTRIBUTORS, INC., ET AL., *ante*, p. 951. Petitions for rehearing denied.

.