## A94A2679. HESTER v. THE STATE.
(454 SE2d 604)

POPE, Presiding Judge.

Defendant was convicted of armed robbery and kidnapping, and the trial court sentenced him to serve 20 years for armed robbery and life for kidnapping.[1] On appeal, defendant argues (1) the evidence was insufficient to support his convictions, and (2) the trial court erred in sentencing him to life for his kidnapping conviction. While we hold that the evidence was sufficient to support defendant's convictions, we agree with defendant that the trial court erred in sentencing him to life for kidnapping and therefore remand the case for resentencing.

The victim testified that he was attacked by two men who came up and hit him in the head and legs with a blunt object. When he fell to the ground, the assailants tied his hands behind his back and pulled out his wallet. They took his money and then found his ATM card. The victim gave the robbers his personal identification code. The robbers found a knife in the victim's truck and threatened to kill the victim, lightly cutting his back with the knife to make their point. The robbers pulled the victim into their car and went to two ATM machines, withdrawing everything the victim had, and then released him back at his truck. The victim identified defendant as one of his assailants.

1. Viewed in a light most favorable to the jury verdicts, the evidence is sufficient to enable rational jurors to find defendant guilty of armed robbery, aggravated assault, and kidnapping beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. OCGA § 16-5-40 defines kidnapping in subsection (a), and

---

[1] Defendant was also convicted of aggravated assault, but the armed robbery and aggravated assault charges were merged for purposes of sentencing.

then provides in subsection (b) that "[a] person convicted of the offense of kidnapping shall be punished by imprisonment for not less than ten nor more than 20 years, provided that a person convicted of the offense of kidnapping for ransom shall be punished by life imprisonment or by death and provided, further, that, if the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment or by death." Although the statute does not make it explicit, the courts have treated kidnapping with bodily injury as a distinct offense separate from and greater than kidnapping. Cf. *Smith v. State*, 236 Ga. 5, 10 (6) (222 SE2d 357) (1976) (simple kidnapping is lesser included offense of kidnapping with bodily injury); *Krist v. State*, 227 Ga. 85, 89 (1) (179 SE2d 56) (1970) (when legislature provided for separate and distinct punishment for kidnapping for ransom, it was creating a new, higher grade of kidnapping offense by necessary implication). Thus, even if there is evidence that the kidnapping victim suffered bodily injury, it is not proper to sentence the defendant for kidnapping with bodily injury where the indictment charged only simple kidnapping, see *Allen v. State*, 233 Ga. 200, 202 (3) (210 SE2d 680) (1974), and/or the jury was instructed only on simple kidnapping, see *Patrick v. State*, 247 Ga. 168, 170 (274 SE2d 570) (1981). See also *Potts v. Zant*, 575 FSupp. 374, 379-380 (N.D. Ga. 1983).

In this case, the indictment charged only simple kidnapping, and the jury was instructed only on simple kidnapping. Accordingly, a life sentence on the kidnapping count was unauthorized, despite evidence that the kidnapping victim suffered bodily injury.

*Judgment affirmed in part and reversed in part and case remanded for resentencing. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 23, 1995.

*Michael A. Corbin,* for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney,* for appellee.