## A97A1260. HUNTER v. THE STATE.
(493 SE2d 44)

Pope, Presiding Judge.

Defendant Leon Charles Hunter was indicted and charged with two counts of kidnapping with bodily injury, two counts of aggravated battery and four counts of aggravated assault. During the course of a jury trial, the State presented evidence from which any rational trier of fact could have concluded beyond a reasonable doubt that defendant and Stephen Bruner, acting in concert, had coerced two victims at gunpoint to leave a parking lot in which the victims were walking and go to an adjacent wooded area, where defendant shot both victims in the leg. After the presentation of all evidence, however, the trial court only instructed the jury on simple kidnapping instead of kidnapping with bodily injury. The trial court also provided a jury form to the jury which referred to the kidnapping charges solely as "kidnapping" rather than "kidnapping with bodily injury."

Subsequently, after concluding that the State failed to prove the aggravated battery charges as alleged in the indictment, the trial court reduced those charges to simple battery. It then submitted the case to the jury, which returned a guilty verdict on two counts of kidnapping, two counts of simple battery and two counts of aggravated assault. Thereafter, the trial court merged the aggravated assault charges with the kidnapping charges and gave defendant two life sentences for kidnapping. Defendant also received two 12-month sentences on the simple battery charges.

On appeal, defendant argues that the trial court erred in failing to instruct the jury that bodily injury is an essential element of kidnapping with bodily injury, and that absent such instruction, defendant's convictions and sentence for kidnapping with bodily injury cannot stand. We agree.

Subsection (a) of OCGA § 16-5-40 defines kidnapping, and then subsection (b) of that same Code section provides that "[a] person convicted of the offense of kidnapping shall be punished by imprisonment for not less than ten nor more than 20 years, provided . . . that, if the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment or by death." While it is not explicit in the above statute, the courts of this state have treated kidnapping with bodily injury as a distinct offense separate from and greater than kidnapping. *Patrick v. State*, 247 Ga. 168, 170 (274 SE2d 570) (1981); *Hester v. State*, 216 Ga. App. 400, 401 (454 SE2d 604) (1995). Specifically, kidnapping is a lesser included offense of kidnapping with bodily injury, lacking only the element of bodily injury.

"It is the duty of the [trial court], with or without request, to give

the jury an appropriate instruction as to the law on each substantive point of issue involved in a case so as to enable the jury to judiciously decide the guilt or innocence of a defendant." (Citation and punctuation omitted.) *Phelps v. State*, 192 Ga. App. 193, 195 (1) (384 SE2d 260) (1989). Accordingly, in this case, it was incumbent upon the trial court to at least instruct the jury that bodily injury was an essential element of the offense of kidnapping with bodily injury. This is so even though the trial court read the indictment to the jury at the beginning of the trial, because the indictment merely accused defendant of "kidnapping" while referencing bodily injury to the victims during the kidnapping. As such, the indictment itself did not inform the jury that bodily injury was an essential element of the kidnapping charges against defendant.

Absent any reference to or instruction regarding the bodily injury element of the offense of kidnapping with bodily injury, we conclude that the trial court's charge to the jury in this case was substantially in error and harmful as a matter of law in that it authorized a conviction for kidnapping with bodily injury upon proof of only the elements of simple kidnapping. Moreover, the failure to mention the bodily injury element in its instructions when combined with the verdict form given to the jury, which likewise made no reference to bodily injury, constitutes error so blatantly apparent and highly prejudicial that it deprived defendant of a fair trial as to the allegations of kidnapping with bodily injury set forth in the indictment against him. Thus, we are required to consider this error even though defendant failed to reserve any objection to the charge. *Christopher v. State*, 190 Ga. App. 393, 397-398 (6) (379 SE2d 205) (1989); *Laney v. State*, 184 Ga. App. 463, 467 (2) (361 SE2d 841) (1987). Upon doing so, we vacate defendant's kidnapping with bodily injury convictions and the sentence imposed for those convictions. See *Hester*, 216 Ga. App. at 401; *Chandler v. State*, 204 Ga. App. 816, 821 (3) (421 SE2d 288) (1992); *Hudson v. State*, 189 Ga. App. 201, 202 (3) (375 SE2d 475) (1988). However, in light of the fact that the evidence in this case as set forth above was sufficient to allow the jury to convict defendant of either kidnapping with bodily injury or the lesser included offense of simple kidnapping under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the fact that the trial court's jury instructions clearly set forth the elements required for a simple kidnapping conviction, in accordance with the State's expressed preference for resentencing rather than for a new trial as to the counts involving kidnapping, we remand the case to the trial court with the direction that defendant be resentenced for simple kidnapping in accordance with the dictates of OCGA § 16-5-40 (b). *Chandler*, 204 Ga. App. at 821-822 (3); *Hudson*, 189 Ga. App. at 202 (3). Upon remand, the trial court may also

reconsider any merger issues.

*Judgment vacated and case remanded for resentencing with direction. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 20, 1997.

*Emmett J. Arnold IV*, for appellant.

*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.