A07A1242. PITTS v. THE STATE.

(652 SE2d 181)

ELLINGTON, Judge.

A Chattahoochee County jury found George W. Pitts, Jr., guilty beyond a reasonable doubt of rape, OCGA § 16-6-1; aggravated battery, OCGA § 16-5-24 (a); kidnapping with bodily injury, OCGA § 16-5-40; aggravated child molestation, OCGA § 16-6-4 (c); and aggravated assault, OCGA § 16-5-21 (a).[1] Pitts appeals from the denial of his motion for new trial, asserting that the trial court erred in failing to exclude a potential juror for cause, failing to merge the aggravated assault conviction into the aggravated battery or kidnapping conviction, and failing to charge the jury on aggravated child molestation. As explained below, the court did not abuse its discretion in denying the motion to exclude the juror for cause, nor did it err in failing to merge the convictions. The court did, however, err when it failed to charge the jury on the essential elements of aggravated child molestation. Accordingly, we vacate the aggravated child molestation conviction, but affirm Pitts' remaining convictions.

---

[1] The jury also found Pitts guilty of enticing a child for indecent purposes, OCGA § 16-6-5 (a), but the court merged that count into the kidnapping conviction.

Viewed in the light most favorable to the jury's verdict,[2] the record shows that, in the early morning hours of July 15, 2003, Pitts abducted his girlfriend's 15-year-old daughter from her bedroom, preventing her from screaming by putting a rag soaked with a corrosive cleaning solution inside her mouth. Pitts bound the victim's hands and legs, put her in his van, and drove her to a rural wooded area. Pitts raped the victim in the back of the van. He then dragged her out of the van, tried to cut her throat, repeatedly stabbed her with a knife, and told her he was going to kill her. After stabbing her, Pitts went back to his van and got a metal, hammer-like tool and started hitting the victim's head and body while telling the victim to die. When the victim closed her eyes and pretended to be dead, Pitts ran back to the van and quickly drove away.

Although the victim was seriously injured and her hands were still tied behind her back, she was able to get up, walk to a road, and scream for help. A man and his wife were driving by and saw the victim staggering in the road. They stopped to help, and the man pulled the victim to the side of the road and called 911. The victim told the couple that "George Pitts" had raped her and caused her injuries. Coincidentally, the man who stopped to provide assistance was related to George Pitts and, although he and his wife knew the victim, they did not initially recognize her because her face was very bloody and swollen. After the victim was placed in the ambulance, she told rescue personnel that "George Pitts" had raped and assaulted her. The victim was hospitalized for treatment of severe injuries, including multiple stab wounds in the neck and back, a blunt force trauma head wound, and burns to her face and mouth.

1. On appeal, Pitts contends that the trial court should have dismissed a potential juror for cause after the juror, who lives on the road where the victim was found after the attack, expressed concern about whether he could be fair in this case. Pitts also argues that the State and the court improperly attempted to rehabilitate the juror.

> The decision whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. A trial court is not required to strike for cause a

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

juror who questions his or her own impartiality or expresses reservations about his or her ability to put aside personal experiences.

(Punctuation and footnotes omitted.) *Harris v. State*, 272 Ga. App. 366, 371-372 (5) (612 SE2d 557) (2005).

The transcript shows that the juror did not answer affirmatively to any of the statutory questions posed to the entire panel. See OCGA § 15-12-164 (a) (statutory voir dire questions). The State then asked the jurors if any of them had heard rumors about the crime that would influence their verdict or whether they would be able to listen to the evidence and base their verdict on that. The juror indicated that he drove down the road near the crime scene that morning and that he thought about "that stuff all the time." When asked whether he would be able to listen to the witnesses and render a verdict based on the evidence, however, the juror responded, "I think so. Okay." Defense counsel then asked him how he was affected by the fact that he lived on the road where the attack supposedly happened. The juror said that it bothered him and that it would be hard to be fair in this case. Defense counsel asked, "Do you think it might influence you in how you consider the evidence, and really whether you can consider all the evidence?" The juror responded, "It wouldn't really affect me at all." A moment later, however, when defense counsel asked if it would keep him from being fair, the juror said, "Yes, sir." The State then asked the juror if he could listen to the witnesses and look at the exhibits and, based on that, decide the guilt or innocence of the accused, the juror said, "It would be hard." The following colloquy then took place:

> State: Well, I know it might be hard, but are you able to listen to what the Judge tells you to do, and he'll instruct you on the law, and apply that in this case?
> Juror: Yes, sir — ma'am.
> State: Can you listen and follow the instructions?
> Juror: Yes, ma'am.
> State: Okay. Your Honor, I don't think he does meet the grounds to be excused.
> Court: Well, you've certainly been on both sides of the issue. Let me ask you this: You said one time that because you live close to it and were present on the morning that the people were out on [the road] and you said because of that you would not be fair and that you would be biased in the case. Now, if that is true, you can't serve. But the last answer you gave was that you could listen to the evidence, and listen to the charge of the law, and make your decision based upon the law and the evidence. And if you can do that, you can serve.

Now is whatever you know about this case going to influence any decision you might make?

Juror: Well, I went right by there about thirty minutes after it happened.

Court: I understand that, but just listen to my question. The knowledge that you have, is that going to cause you to be biased in this case?

Juror: No, sir, I don't think so.

Court: All right. He's qualified. I'll leave him on.

Although the juror lived near the crime scene and passed by it on the day of the attack, there is nothing in the record to suggest that the juror saw the victim or any other evidence of the crime, nor is there anything in the record to show that the juror knew the victim or the defendant or had any other actual, extrajudicial knowledge about the crime.

"When ruling on a prospective juror's qualifications, the trial court must make a factual determination based on all the circumstances known to it, including, but not limited to, the juror's own statement that [he or] she will lay aside any bias." (Footnote omitted.) *Ivey v. State*, 258 Ga. App. 587, 591 (2) (574 SE2d 663) (2002). See OCGA § 15-12-164 (d) (the court should excuse for cause "any juror who from the totality of the juror's answers on voir dire is determined by the court to be substantially impaired in the juror's ability to be fair and impartial. The juror's own representation that the juror would be fair and impartial is to be considered by the court but is not determinative."). As for rehabilitating a biased juror,

[w]here a prospective juror, who has been asked whether he or she can be fair and impartial in the case, answers under oath a plain, "No," and provides an explanation for the inability to be fair and impartial, the court should limit further questions to clarification of the answer. Neither the court nor the parties should incessantly interrogate the juror in a manner calculated only to elicit a response contrary to the one originally given. Interrogation for that purpose is nothing more than an effort to justify finding a biased juror qualified.

Id. at 592 (2).

In this case, during initial questioning by the State and defense counsel, the juror gave inconsistent and even contrary answers about whether he thought he could be a fair and impartial juror, stating that he did not think he could be fair because he lived near the crime scene, yet also stating that this same fact would not affect his consideration

of the evidence. Given the equivocal nature of the juror's responses, the trial court was authorized to question the juror further to clarify his answers so it could determine whether the juror's ability to be fair and impartial was substantially impaired. OCGA § 15-12-164 (d); *Chandler v. State*, 281 Ga. 712, 715 (2) (642 SE2d 646) (2007); *Ivey v. State*, 258 Ga. App. at 591 (2). Moreover, the transcript supports a finding that the juror did not have an opinion about Pitts' guilt or innocence that was "so fixed and definite that the juror [would have been] unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." (Punctuation and footnote omitted.) *Harris v. State*, 272 Ga. App. at 371-372 (5). Therefore, the court did not abuse its discretion in failing to excuse the juror for cause. *Chandler v. State*, 281 Ga. at 715 (2); *Harris v. State*, 272 Ga. App. at 371-372 (5).

2. Pitts argues that the court erred in failing to merge his aggravated assault conviction into either his conviction for aggravated battery or his kidnapping with bodily harm conviction. He contends that the indictment charged that each of the offenses was based upon the same facts and proved by the same evidence, specifically, that he stabbed the victim with a knife and hit her with a hammer.

> Under OCGA § 16-1-6 (1), two offenses will merge as a matter of fact if one of them is established by proof of the same or less than all the facts required to prove the other. As with any factual merger question, the dispositive issue is whether the State "used up" its evidence in proving the crime[.] The actual evidence test, in effect, means that if the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6 (1).

(Citations and punctuation omitted.) *Forbes v. State*, 284 Ga. App. 520, 523-524 (3) (644 SE2d 345) (2007). Stated differently, "if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge." (Citation and punctuation omitted.) *Nelson v. State*, 278 Ga. App. 548, 551 (4) (629 SE2d 410) (2006).

Although, as shown below, there were some overlapping allegations in the indictment regarding the types of injuries inflicted by Pitts and the methods he used, the State was not required to prove that the crimes were committed in every manner that was alleged. Instead,

> [w]hen an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.

(Citation and footnote omitted.) *Carrell v. State*, 261 Ga. App. 485, 486 (1) (583 SE2d 167) (2003).

In this case, the record shows that each of the indicted offenses was supported by evidence that it was committed as a separate act in at least one of the ways listed in the indictment. Count 3 of the indictment charged Pitts with kidnapping with bodily harm for kidnapping the victim and causing her to receive bodily injuries, including abrasions, lacerations, contusions and blunt force injuries. The evidence showed that, during the kidnapping, Pitts bound the victim's hands and feet, causing bruising and abrasions, and this was sufficient to support a conviction on the offense as indicted. After Pitts transported the victim to a wooded area, raped her, and dragged her from the van, Pitts repeatedly stabbed her with a knife, causing scars on the victim's neck and back. This evidence supported Count 2, the aggravated battery charge, which accused Pitts of causing the victim to suffer bodily harm by causing lacerations that seriously disfigured her. Then, after Pitts finished stabbing the victim, he went back to his van and got a metal, hammer-like tool and repeatedly hit the victim's head and body while telling her to die. This evidence supported Count 6, the aggravated assault charge, because it showed that Pitts assaulted the victim with the intent to murder her by striking her with a hammer.

Accordingly, because there was independent evidence to support each of the offenses as indicted, the aggravated assault conviction did not merge as a matter of fact with either the aggravated battery or kidnapping with bodily injury convictions. *Forbes v. State*, 284 Ga. App. at 523-524 (3); *Carrell v. State*, 261 Ga. App. at 486 (1). There was no error.

3. Pitts contends that the court committed reversible error when it failed to charge the jury on the essential elements of aggravated child molestation. For the following reasons, we agree.

(a) Under OCGA § 16-6-4 (a), a person commits child molestation "when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Child molestation is necessarily a lesser included offense of aggravated

child molestation, which requires the additional element of either an act of sodomy or an act which physically injures the child. OCGA § 16-6-4 (c); *Foster v. State*, 254 Ga. App. 255, 255-256 (2) (562 SE2d 191) (2002).

The record shows that the indictment charged Pitts with aggravated child molestation based upon an act of sexual intercourse with the victim which resulted in physical harm to the victim. Although the court sent the indictment out with the jury during deliberations, the court did not read the indictment during the jury charge, but simply told the jurors that Pitts had been indicted for, inter alia, aggravated child molestation. The court subsequently charged the jury as follows: "A person commits the offense of aggravated child molestation when that person does an immoral or indecent act to or with a child less than 16 years of age with the intent to arouse or satisfy the sexual desires of either the child or the person." The elements given in this instruction, however, are for child molestation, not aggravated child molestation. See OCGA § 16-6-4 (a), (c).

The record shows that the court did not instruct the jury that physical harm to the victim was an essential element of the crime of aggravated child molestation as indicted. Consequently, the court's charge was harmful as a matter of law because it authorized a conviction for aggravated child molestation upon proof of only the elements of child molestation. See *Hunter v. State*, 228 Ga. App. 846, 847 (493 SE2d 44) (1997) (vacating a conviction and sentence for kidnapping with bodily injury after the trial court instructed the jury on simple kidnapping and did not inform the jury that bodily injury was an essential element of the charge); see also *Nelson v. Hall*, 275 Ga. 792, 793-794 (573 SE2d 42) (2002) (finding that counsel's failure to challenge a jury instruction which omitted the essential element of bodily injury constituted ineffective assistance because, had such a challenge been made, the defendant's conviction for kidnapping with bodily injury "would most certainly have been overturned") (citation omitted). Therefore, we must vacate Pitts' conviction for aggravated child molestation and the sentence imposed thereon. *Hunter v. State*, 228 Ga. App. at 847.

(b) Having vacated Pitts' conviction for aggravated child molestation due to the erroneous jury instruction, this Court must also determine whether this case should be remanded for resentencing on the lesser included offense of child molestation. Resentencing on the lesser included offense is appropriate when the court erroneously charges the jury on the lesser included offense, instead of the offense as indicted, and the evidence at trial supports a conviction on the lesser offense. See *Hunter v. State*, 228 Ga. App. at 847 (remanding the case to the trial court with instructions to resentence the defendant for simple kidnapping because, even though the court failed to

properly charge the jury on kidnapping with bodily injury, the court gave a complete instruction on simple kidnapping and the evidence was sufficient to support the kidnapping conviction).

As shown above, the jury convicted Pitts of rape in addition to the other charged offenses. At trial, the victim testified that Pitts had sexual intercourse with her in the van, after she was abducted but before he assaulted her with the knife and hammer. This act served as the basis for Pitts' rape conviction. There is no evidence that Pitts had sexual intercourse with the victim at any other time.

In order to prove the rape charge, the State "used up" the evidence of sexual intercourse between Pitts and the victim. *Forbes v. State*, 284 Ga. App. at 523-524 (3); *Shamsuddeen v. State*, 255 Ga. App. 326, 327 (2) (565 SE2d 544) (2002). Therefore, a child molestation conviction based upon the same act would merge into the rape conviction as a matter of fact, so Pitts could not be separately sentenced for child molestation. *Nelson v. State*, 278 Ga. App. at 551 (4); *Shamsuddeen v. State*, 255 Ga. App. at 327-328 (2). As a consequence, there is no reason for this Court to remand this case for resentencing Pitts for child molestation.

*Judgment affirmed in part and vacated in part. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 13, 2007.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Margaret E. Bagley, Assistant District Attorney*, for appellee.

