# Court of Appeals
# of the State of Georgia

ATLANTA,  March 26, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1368. GEORGE W. PITTS, JR. v. ARTHUR L. SMITH, JUDGE.**

In 2004, George W. Pitts, Jr., was convicted of rape and other crimes.[1] In 2017, Pitts attempted to file a petition for writ of mandamus, naming the superior court judge who sentenced him as the defendant. The trial court denied and dismissed Pitts's filing. Pitts filed a direct appeal in the Supreme Court of Georgia, which transferred the case to this Court. See Case No. S18A0674 (February 5, 2018). We, however, lack jurisdiction.

Generally, judgments and orders granting or refusing to grant mandamus relief are directly appealable. See OCGA § 5-6-34 (a) (7). However, because Pitts is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, "[a]ppeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35[,]" the discretionary appeals statute. And "action" is defined to include "any civil lawsuit, action, or proceeding, including an appeal, filed by a prisoner but shall not include an appeal of a criminal proceeding[.]" OCGA § 42-12-3 (1).

---

[1] On direct appeal, Pitts's conviction for aggravated child molestation was vacated, but the judgment was otherwise affirmed. See *Pitts v. State*, 287 Ga. App. 540 (652 SE2d 181) (2007).

Because a prisoner has no right of direct appeal in civil cases, which includes mandamus, we lack jurisdiction to consider this, which is hereby DISMISSED. See *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/26/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*