# Court of Appeals
# of the State of Georgia

ATLANTA,  April 24, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1435.  GEORGE W. PITTS, JR. v. ARTHUR L. SMITH, III.**

In 2004, a jury found George W. Pitts, Jr., guilty of rape, aggravated battery, kidnapping with bodily injury, aggravated child molestation, and aggravated assault. We vacated Pitts's conviction for aggravated child molestation, but otherwise affirmed his judgment of conviction on direct appeal.  See *Pitts v. State*, 287 Ga. App. 540 (652 SE2d 181) (2007).[1]

In 2017, Pitts, who remains incarcerated, attempted to file a petition for a writ of mandamus naming a superior court judge as the defendant.  On November 13, 2017, the trial court denied filing of the petition on grounds that, inter alia, it showed a complete absence of any justiciable issue of law or fact under OCGA § 9-15-2 (d). Pitts then filed a notice of appeal to the Supreme Court, which transferred the appeal to this Court.  We dismissed that appeal for lack of jurisdiction due to Pitts's failure to comply with the discretionary appeal statute, OCGA § 5-6-35 (a), as required by OCGA § 42-12-8.  *Pitts v. Smith*, No. A18A1368 (Mar. 26, 2018).

---

[1] Pitts has been a frequent litigant before this Court in several other cases.  See Case Nos. A12D0269 (application for discretionary review of dismissal of motion alleging that his convictions are void, dismissed for lack of jurisdiction on Feb. 29, 2012), A13A0665 (appeal from dismissal of motion to vacate void sentences, dismissed for lack of jurisdiction on Dec. 7, 2012), A14D0024 (application for discretionary review of denial of extraordinary motion for a new trial, denied on Sept. 25, 2013), and A16A2128 (appeal from denial of motion for an out-of-time appeal, dismissed for lack of jurisdiction on Aug. 4, 2016).

On March 1, 2018, Pitts filed a direct appeal to this Court, again seeking review of the order denying filing of his mandamus petition. "It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citations and punctuation omitted). Because we determined that we lack jurisdiction over Pitts's direct appeal from the order denying filing of his mandamus petition in Case No. A18A1368, we are precluded from revisiting the same issue in the current appeal.[2] See id. at 328.

Moreover, even if Pitts had a right of direct appeal here, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Pitts's notice of appeal was untimely filed 108 days after the trial court entered the order Pitts seeks to appeal, depriving us of jurisdiction over this appeal.

For each of the above reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  04/24/2018
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

---

[2] Although an exception to the law-of-the-case rule exists "when the evidentiary posture of the case changes such that the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented," see *Ross*, 310 Ga. App. at 328 (punctuation omitted), the record is unchanged since we dismissed Pitts's prior appeal.