**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 15, 2020**

# In the Court of Appeals of Georgia

A19A1675. ROBINSON v. THE STATE

MILLER, Presiding Judge.

Following a jury trial, Royce Robinson seeks review of his life sentence and criminal convictions stemming from allegations that he kidnapped and attacked his (now ex-) wife. He argues on appeal that (1) the trial court erred when it sentenced him for kidnapping with bodily injury when the verdict form indicated that the jury only found him guilty of kidnapping and that (2) the State made an improper "golden rule" argument when it asked the jury during its closing argument to remember "a traumatic experience in your own life." Because the verdict form did not specially ask the jury to choose between kidnapping and kidnapping with bodily injury, the indictment charged Robinson with kidnapping with bodily injury, and the trial court charged the jury with the elements of kidnapping with bodily injury, the trial court did

not err in sentencing Robinson accordingly. The state's comments during its closing argument also did not constitute an improper "golden rule" argument because, viewed in context, they only sought to explain away discrepancies in the witnesses' statements and did not improperly ask the jury to put themselves in the shoes of the victim. We therefore affirm.

Viewed in the light most favorable to the verdicts,[1] the evidence adduced at trial showed that the victim was Robinson's wife at the time of the incident. One evening, during an argument, Robinson drew a knife on the victim and placed it at her neck. To get away from him, the victim went to stay at her aunt's house after work the following day. Robinson eventually went to the aunt's house and asked the victim if he could talk with her.

The victim agreed to talk with Robinson and went with him to talk in his car, which was parked in the driveway. The victim kept the car door next to her propped open with her foot to keep the door from closing. Once the victim made it clear that she did not want to be with Robinson anymore, he "grabbed" her by her head, put the car in reverse, and drove away while the victim screamed for help. During the drive back to their house, Robinson hit the victim multiple times on her head, causing the

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

victim to strike her head on the car window. When the two arrived at their house, the victim locked herself in the car so that Robinson could not get to her. Robinson forced down one of the car windows, yanked her out of the car by her feet, and dragged her into the house. Once inside, Robinson hit, kicked, and choked the victim before police arrived on the scene. The victim suffered multiple bruises, abrasions, and injuries to her face, neck, arms, and eyes.

A grand jury indicted Robinson on one count of kidnapping (OCGA § 16-5-40), one count of false imprisonment (OCGA § 16-5-41), one count of aggravated assault (OCGA § 16-5-21), one count of battery (OCGA § 16-5-23.1), and one count of criminal trespass (OCGA § 16-7-21 (b)). At trial, the jury found Robinson guilty of kidnapping, false imprisonment, and battery but acquitted him of aggravated assault and criminal trespass. The trial court merged the false imprisonment count with the kidnapping count and sentenced Robinson to life imprisonment. Robinson filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Robinson first argues that the trial court erred when it sentenced him to life imprisonment for kidnapping with bodily injury when the jury's verdict form indicated that they only found him guilty of kidnapping. Because the indictment

charged Robinson with kidnapping with bodily injury, and because the trial court charged the jury with the elements of kidnapping with bodily injury, the trial court did not err in sentencing Robinson accordingly.

We review the trial court's imposition of a sentence for abuse of discretion. See *Reed v. State*, 342 Ga. App. 466, 468-470 (804 SE2d 129) (2017) (reviewing the imposition of a sentence for abuse of discretion).

Our law proscribes a substantially different punishment for kidnapping when bodily injury has been done to the victim during the course of said kidnapping. Under the Georgia Code, the offense of kidnapping is normally punishable by "[i]mprisonment for not less than ten nor more than 20 years." OCGA § 16-5-40 (d) (1). However, "if the person kidnapped received bodily injury," then the offense of kidnapping is punishable by life imprisonment. OCGA § 16-5-40 (d) (4). "Although the statute does not make it explicit, the courts have treated kidnapping with bodily injury as a distinct offense separate from and greater than kidnapping." *Hester v. State*, 216 Ga. App. 400 (2) (454 SE2d 604) (1995). "Thus, even if there is evidence that the kidnapping victim suffered bodily injury, it is not proper to sentence the defendant for kidnapping with bodily injury where the indictment charged only

4

simple kidnapping and/or the jury was instructed only on simple kidnapping." (Citations omitted.) Id.

Even though the verdict form here indicated that the jury found Robinson guilty of "kidnapping," the trial court nevertheless properly sentenced Robinson for kidnapping with bodily injury. The pre-printed verdict form used at Robinson's trial read, "We, the Jury, find the Defendant, ROYCE ROBINSON, JR., _____ of the charge of KIDNAPPING." The verdict form did not give the jury the option to choose between kidnapping or kidnapping with bodily injury or specially ask the jury whether bodily injury occurred. Instead, the indictment alleged that Robinson committed kidnapping when he "unlawfully abduct[ed the victim] without lawful authority or warrant and held such person against her will, *said act resulting in bodily injury* to [the victim]." (Emphasis supplied.) When the trial court instructed the jury, it read the indictment for the jury and also instructed them on the elements of kidnapping with bodily injury. Given these circumstances, the verdict was clear that the jury found Robinson guilty of kidnapping with bodily injury, and so the trial court did not abuse its discretion by sentencing Robinson to life imprisonment for kidnapping with bodily injury. See *Jenkins v. State*, 269 Ga. 282, 295 (23) (c) (498 SE2d 502) (1998) (defendant was properly sentenced for kidnapping with bodily

5

injury rather than kidnapping, even though verdict form just listed "kidnapping," when the indictment specified that bodily harm was done to the victims and the trial court charged the jury on bodily injury and set out the elements of kidnapping with bodily injury). Compare *Patrick v. State*, 247 Ga. 168, 170 (274 SE2d 570) (1981) (defendant was not properly sentenced for kidnapping with bodily injury when trial court only instructed the jury on simple kidnapping); *Smith v. State*, 302 Ga. App. 222, 225-226 (2) (690 SE2d 867) (2010) (life sentence vacated where indictment alleged the defendant committed kidnapping, not kidnapping with bodily injury); *Hester*, supra, 216 Ga. App. at 400 (2) (life sentence vacated where indictment and jury charge both alleged simple kidnapping rather than kidnapping with bodily injury).

2. Robinson also argues that the State made an improper "golden rule" argument during its closing statement that asked the jury to put themselves in the position of the victim. Because the State's argument did not ask the jury to put themselves in the shoes of a crime victim, and because they were more likely an attempt to explain discrepancies in some of the witnessess' statements, we disagree.

We review a decision regarding an improper closing argument for abuse of discretion. *Satterfield v. State*, 339 Ga. App. 15, 22 (3) (792 SE2d 451) (2016). "A

6

'golden rule' argument is one that, regardless of the nomenclature used, asks the jurors to place themselves in a victim's position. Such an argument is impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (Citations omitted.) Id.

Robinson specifically points to the following statements made by the State during closing:

> Think back to a traumatic experience in your own life. How many details do you remember about the experience itself? You remember what somebody did or what you heard or what you saw, but do you necessarily remember what you were wearing?
>
> . . .
>
> Do you remember every specific detail about the things that were not important to the trauma themselves?
>
> Now, think about who you were with. Would every person that was with you remember it in the same way? Would they remember the same details, or would they remember different details?
>
> . . .

> So is it any wonder that [three State witnesses and the victim] remember things differently? No. It's not any unexpected thing. Of course they remember things differently. They're standing in different positions. They're seeing things differently.

Viewed in context, we cannot say this statement constituted an impermissible golden rule argument. The statement, taken as a whole, did not ask the jury to put themselves in the victim's shoes for the purpose of asking the jury to sympathize with the victim or ask the jury how they would have felt if they were the victim to a crime. Instead, the prosecutor made this statement in an attempt to explain away inconsistencies in the testimonies of many of the witnesses. See *Menefee v. State*, 301 Ga. 505, 512-513 (4) (a) (ii) (A) (801 SE2d 782) (2017) (no improper "golden rule" argument where prosecutor's statements could be "more reasonably seen as the prosecutor's efforts to explain . . . the inconsistencies in the [witness's] statements); *Satterfield*, supra, 339 Ga. App. at 22 (3) (no improper "golden rule" argument where statement "was not concerned with how a juror would feel if he or she were the victim."). We also note that the statement also asked the jury to remember a "traumatic experience," which would not necessarily cause the jury to remember a crime. Furthermore, the statement was in reference to the memories of many of the

8

other witnesses to the incident, all but one of which were not victims to the crime. Given all of these circumstances, we cannot say that the State's argument here was an improper golden rule argument.

Accordingly, for the reasons provided above, we affirm Robinson's convictions and total sentence.

*Judgment affirmed. Rickman and Reese, JJ., concur.*