## 64164. JACKSON v. THE STATE.

SOGNIER, Judge.

Armed robbery and aggravated assault. Appellant appeals on the general grounds. He also contends the trial court erred by denying his motion for a directed verdict of acquittal as to the aggravated assault charge and by allowing testimony concerning a pretrial identification at a lineup.

1. Ambrish Albritton owned a grocery store near Zebulon, Georgia. He was standing outside the store when appellant and another man, Womble, drove their car about 25 yards past the store

and parked. Appellant raised the hood of the car and Womble went in the store, followed by Albritton. Shortly thereafter appellant entered the store; Womble pulled a gun and ordered Albritton to lay down on the floor. He did so, and while Womble held a gun on him (Albritton), appellant took the money from the cash register, money in sacks beneath the cash register on a shelf and Albritton's money from his pocket. A truck driver, Edge, came in the store while the robbery was in progress. Womble fired a shot at Edge, and he and Albritton were then locked in the bathroom. Appellant and Womble left and were apprehended a short time later.

This evidence is more than sufficient to support the findings. Appellant contends the evidence is not sufficient to support the aggravated assault charge as he did not shoot at Edge, and the evidence did not show that he had a gun in his possession. Code Ann. § 26-801 (a) provides: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." "One who intentionally aids or abets the commission of a crime by another is a party to the crime and equally guilty with the principal." *Bell v. State,* 156 Ga. App. 190 (274 SE2d 153) (1980). There is no question that appellant was a participant in the armed robbery, and the aggravated assault occurred during the course of the robbery. Thus, appellant's actions can be construed as aiding and abetting in the crime. See, e.g., *Dixon v. State,* 243 Ga. 46, 47 (1) (252 SE2d 431) (1979). Appellant did not attempt to withdraw from the crime; on the contrary, he drove the vehicle away from the scene and when the police attempted to stop the car, appellant led them on a high speed chase until the car ran off the road and was wrecked. Under such circumstances he can be found guilty as a party to the felonious conduct of Womble. *Bell,* supra. Based on the foregoing, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

As to denial of appellant's motion for a directed verdict of acquittal on the aggravated assault charge, a trial court's refusal to grant such a motion is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978). Since appellant was an aider and abettor in the commission of the aggravated assault, a verdict was not demanded as a matter of law. Hence, it was not error to deny his motion.

2. Appellant contends the trial court erred by allowing testimony relating to a pretrial identification of appellant at a lineup. However, he made no objection to such testimony at trial and it is well

settled that appellate courts will not consider matters raised for the first time on review. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).
*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 15, 1982 —

*Walker Chandler,* for appellant.
*Johnnie Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.