## A99A0881. SHORTER v. THE STATE.
### (521 SE2d 684)

BARNES, Judge.

Spencer Shorter appeals his convictions for three counts of aggravated assault on a police officer, fleeing, or attempting to elude a police officer, obstruction of a police officer, and possession of a firearm by a convicted felon. This appeal arose from the same incident and trial addressed in *Shaw v. State*, 238 Ga. App. 757 (519 SE2d 486) (1999). Shorter argues his first appellate counsel was ineffective for waiving his right to assert his trial counsel's ineffectiveness. He also argues that insufficient evidence supports the verdicts. For the reasons that follow, we affirm.

1. Shorter contends his case should be remanded to the trial court for a hearing on whether his initial appellate counsel was ineffective for failing to argue, in a motion for new trial, that his trial counsel was ineffective, thus waiving the issue. Trial counsel was ineffective, according to Shorter, because he did not move to suppress the evidence obtained from Shorter's car after a lengthy police chase. The question before us is whether Shorter is entitled to a hearing on the issue of the ineffectiveness of his first appellate counsel.

Because the trial court decided the motion for new trial made by Shorter's first appellate counsel before his second appellate counsel was appointed, this is the first opportunity he has had to raise this issue. Generally, when the appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue. However, remand is not mandated if we can determine from the record that Shorter cannot satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984). *Mackey v. State*, 235 Ga. App. 209 (1) (509 SE2d 68) (1998); *Setser v. State*, 233 Ga. App. 822, 824 (2) (505 SE2d 798) (1998).

Under *Strickland*, Shorter has to show "both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different." *Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996). We conclude that Shorter cannot meet either requirement, because a review of the record shows that a motion to suppress evidence at trial would have been without merit.

Shorter contends the evidence seized from his car following the police chase should be suppressed because the police officer who initially tried to pull him over had no reasonable suspicion he had committed a crime, and was acting on an insufficiently detailed tip. We disagree.

" 'Although an officer may conduct a brief investigative

stop of a vehicle, such a stop must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. *Terry v. Ohio*, 392 U.S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).'"

(Citations and punctuation omitted.) *Shapiro v. State*, 233 Ga. App. 620 (2) (504 SE2d 719) (1998). While a general tip to be on the lookout for a vehicle such as "a white van" may not create sufficient articulable suspicion, *Vansant v. State*, 264 Ga. 319, 321 (2) (443 SE2d 474) (1994), a more particularized description of a suspect vehicle may provide a reasonable suspicion sufficient to warrant a *Terry* stop. *Thomason v. State*, 268 Ga. 298, 301 (2) (a) (486 SE2d 861) (1997). In *Thomason*, the officer knew "the color of both the car and its top, the manufacturer, model, and model year of the car, and the driver's gender and race." Id. at 301.

Here, the officer was looking for a blue Cadillac with four black men near the area where a tipster said he saw gunshots fired from such a car. A blue Cadillac with four black men in it crossed the road directly in front of the police car, almost hitting it. The officer had to stop in the middle of the street to avoid a collision. These facts support the conclusion that the officer had a reasonable, articulable suspicion for attempting to pull the Cadillac over. Subsequent gunshots from the car during the ensuing chase ripened the suspicion into probable cause for arrest.

Because the issue Shorter claims trial counsel should have raised is not meritorious, we conclude that Shorter cannot satisfy the first element of the *Strickland* test, deficient performance on the part of his first appellate counsel.

> "[I]t is not deficient to fail to file a motion which is frivolous. Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [Shorter's] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed."

*Mayes v. State*, 229 Ga. App. 372, 373 (1) (494 SE2d 34) (1997). Shorter has not shown that a motion to suppress evidence seized from his Cadillac would have been successful, and cannot show that his first appellate counsel's failure to assert his trial counsel's ineffectiveness was deficient.

2. In his remaining enumeration of error, Shorter claims that insufficient evidence supports his convictions of aggravated assault on a police officer. In this case, the aggravated assault charges

against Shorter are based on his conduct that aided and abetted others who also committed aggravated assault. OCGA § 16-2-20; *Jackson v. State*, 163 Ga. App. 526, 527 (1) (295 SE2d 206) (1982).

Viewed in the light most favorable to the verdict, the record shows that a high-speed automobile chase began when an unnamed citizen told Atlanta Police Officer L. R. Gilbert, who was patrolling in his marked car, that he had just seen gunshots fired from a blue Cadillac "with several young black males in it." Shortly after a radio announcement advised officers to be on the lookout for a blue Cadillac with four or five black men in it, Officer W. C. Jones began looking for the car in the area where it had last been seen. A few minutes later, a blue Cadillac with four black males in it suddenly appeared in front of him and almost collided with his police car. The Cadillac continued across the road in front of him and he pulled behind it, turning on his blue lights and siren. Instead of stopping, the Cadillac driver "stomped on the gas," and the chase ensued.

The prosecution presented evidence that, during the chase, gunshots were fired at three police cars at three different times. Officer Jones testified that, shortly after he began the chase, someone inside the car pointed a gun out of the front or back passenger side window at his patrol car and fired at him. This was the first shot fired during the chase, which formed the basis for the first aggravated assault charge of which Shorter was convicted. Jones slowed after the shot was fired, and an unmarked police car containing Officers Mason and Kailimai pulled behind the Cadillac.

Officer Mason testified about the second shot fired during the chase, which formed the basis of the other two aggravated assault convictions. Mason testified that, after his police car pulled behind the Cadillac, he saw someone lean out of the front passenger side of the Cadillac, then saw a muzzle flash and blue-gray smoke. Kailimai, who was driving, also saw someone hanging out of the front passenger side of the Cadillac and then saw Officer Mason recoil in his seat, though he did not see a weapon.

The chase continued on surface streets for a time, then proceeded onto Interstate 20. Now-retired GBI special agent House saw a blue Cadillac full of men come "flying by" him at about 100 mph on I-20, followed closely by an Atlanta police car. House testified that as the police car pulled in front of him, he saw a puff of smoke from the Cadillac, which he recognized as coming from a firearm. This was the third shot fired during the chase, and formed the basis for the fourth aggravated assault charge of which Shorter was acquitted.

Shortly after the last shot was fired, the Cadillac left the interstate and hit a curb, flattening the front tires. Four men got out and began running in different directions. Officer Lester chased the driver of the car, whom he identified at trial as Shorter, into a

wooded area. The two scuffled and exchanged gunfire before Shorter jumped a fence and disappeared. Sergeant Harty followed Lester and began canvassing the neighborhood. A resident told him that the door to her storage shed had been opened while she was gone, and gave him permission to search her house. Harty found Shorter hiding in a closet and arrested him. After his arrest, Shorter admitted that he owned the car, drove it during the chase, and tried to elude the police officers chasing him.

Shorter argues the evidence raises serious doubt as to whether he was a party to the aggravated assaults on police officers Jones, Mason, and Kailimai, and further asserts he is guilty, at most, of obstruction. We find that ample evidence supports the jury's conclusion that Shorter was guilty of these three aggravated assaults.

OCGA § 16-2-20 provides: "Every person [who intentionally aids or abets in the commission of the crime] is a party thereto and may be charged with and convicted of commission of the crime." The record in this case shows that Shorter did not attempt to withdraw from the crime; on the contrary, he continued driving the vehicle while shots were fired from the car at least three times, and only stopped when he disabled his vehicle. These facts authorize the jury's finding that Shorter committed aggravated assault. See *Jackson*, supra, 163 Ga. App. at 527 (affirming aggravated assault conviction when evidence showed defendant participated in armed robbery but did not fire or possess a gun). Because we find sufficient evidence supports Shorter's convictions of aggravated assault on a police officer, we affirm them. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 17, 1999.

*Gerard B. Kleinrock*, for appellant.
*J. Tom Morgan, District Attorney, Sheila A. Connors, Robert M. Coker, Assistant District Attorneys*, for appellee.