## A00A1296. HAMEEN et al. v. THE STATE.
(541 SE2d 668)

ANDREWS, Presiding Judge.

Yusef Beail Hameen, Abdul Rahman Hameen, and Randolph Scales, Jr. appeal from the judgments entered on their convictions[1] after a bench trial preceded by denial of their motion to suppress. They contend, and we agree, that the initial stop of their vehicle was unconstitutional.

1. Considering the evidence from both the motion to suppress hearing and the bench trial, *Holmes v. State*, 222 Ga. App. 642, 643 (476 SE2d 37) (1996), the facts were that, on April 16, 1999, Columbia County Deputy Sheriffs Redman and Rankin were on routine patrol westbound on Interstate 20 outside Augusta. A black 1992 Mazda 626 bearing a South Carolina tag was proceeding in the same direction. Deputy Redman noticed that the window tint of the car was "very dark." That was the only potential traffic violation noted by him, and the deputies proceeded to follow the car as it exited the interstate. Redman activated his blue lights and pulled the car over, intending to test the windows' tint.

We need not consider events after this point as our inquiry is solely whether, under these circumstances, Deputy Redman had a reasonable suspicion to believe a traffic offense had occurred under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *Thomason v. State*, 268 Ga. 298 (486 SE2d 861) (1997).

OCGA § 40-8-73.1 (b) provides, in material part, that

after January 1, 1990, it shall be unlawful for any *resident person* to operate a motor vehicle in this state: . . . (2) Which has material and glazing applied or affixed to the rear windshield or the side or door windows, which material and glazing when so applied or affixed reduce light transmission through the windshield or window to less than 32 percent or increase light reflectance to more than 20 percent.

(Emphasis supplied.)

Subsection (c) (7) of that statute provides that, in addition to seven other exclusions, the provisions of subsection (b) "shall not apply to: . . . Any motor vehicle not registered in this state."

Therefore, it cannot be disputed that, under this statute, there

---

[1] Yusef Hameen, charged with possession of marijuana with intent to distribute, was found guilty of felony possession of marijuana; Abdul Hameen was found not guilty of window tint violation; and Abdul Hameen and Scales were found guilty of misdemeanor possession of marijuana.

was no probable cause for these officers to believe that the driver was violating it and no basis for the stop on this ground. Neither the fact that Redman was unaware that the statute did not apply to out-of-state residents nor that he believed some federal statute, which he was unable to specify, controlled is of any avail in this analysis. All citizens, including law enforcement officers, are presumed to know the law, and their ignorance of it is no excuse. OCGA § 1-3-6; *Grisson v. State*, 237 Ga. App. 559, 561 (1) (515 SE2d 857) (1999).

During the bench trial, however, the State attempted to present additional facts which would have justified the stop as an investigative one regarding transportation of drugs.[2] Redman testified that persons using drugs attempt to hide this by using illegally tinted windows. Under *Terry*, supra, however, an investigative stop must be supported by "specific and articulable facts which, taken together with *rational inferences from those facts*, reasonably warrant that intrusion." (Citation and punctuation omitted; emphasis supplied.) *Shorter v. State*, 239 Ga. App. 625, 626 (1) (521 SE2d 684) (1999). The inference that all persons driving cars with illegally tinted windows are drug users or dealers is not such a rational inference. See *Montero v. State*, 245 Ga. App. 181, 183 (537 SE2d 429) (2000); *Shorter*, supra; *Jackson v. State*, 236 Ga. App. 492, 494 (1) (512 SE2d 24) (1999).

The motion to suppress should have been granted.

2. Our decision in Division 1 renders moot the remaining enumerations of error.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 1, 2000.

*Paul W. David, Charles H. S. Lyons III*, for appellants.

*Daniel J. Craig, District Attorney, Michael S. Carlson, Charles R. Sheppard, Assistant District Attorneys*, for appellee.

---

[2] Although the State argued at the motion to suppress hearing that sometimes tags will be illegally switched to hide illicit activities, there was no evidence presented to this effect. Nor will this Court, as requested by the State on appeal, take judicial notice of this fact.