## A01A1953. CRAWFORD v. THE STATE.
(556 SE2d 888)

SMITH, Presiding Judge.

Stanley Crawford was convicted of armed robbery and was sentenced as a recidivist because of his prior felony convictions. In this appeal, Crawford claims that the trial court erred by failing to grant his motion for discharge and acquittal pursuant to his demand for a speedy trial. He also contends that the evidence did not support his conviction and that his counsel was ineffective by opening the door to the admission of his prior criminal record. Finding no merit to these claims, we affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Crawford no longer enjoys the presumption of innocence. *Patterson v. State*, 244 Ga. App. 222-223 (535 SE2d 269) (2000). When so reviewed, the evidence showed that after closing hours, at about 3:00 a.m., Crawford left his job as a cook at a Shoney's restaurant. He left the restaurant through the front doors, which lock automatically whenever someone exits. Several co-workers noticed that instead of leaving immediately at the end of his shift as he customarily did, Crawford was behaving oddly, in that he kept pacing, talking to other employees, looking out a window, and using the telephone. According to one employee, "His usual routine was once he finished up his work on the cook line, Stanley was out the door. He wasted no time. He said bye to no one. He was gone."

Almost immediately after Crawford left, a lone gunman wearing a stocking mask suddenly came in the front doors brandishing a revolver. At gunpoint, the robber directed the remaining employees into a walk-in cooler in the rear of the restaurant and locked them inside it. The assailant then forced the manager to open the safe. While trapped inside the cooler, one of the employees, J. S., told the others that she recognized the voice of the gunman as the man who had given her and Crawford a ride home the day before. After the manager opened the safe, the gunman forced him back inside the cooler. The victims heard the sound of a car leaving. After about 45 minutes, they were able to free themselves by kicking open the door of the cooler. The employees all agreed that Crawford was the last person to leave before the robbery. Two of them testified that the robber did not come from the restrooms but had entered through the locked front doors.

When investigators arrived, they conducted repeated tests on the automatic locking mechanism on the front doors, and the mechanism fully engaged and functioned properly. From a photographic lineup, J. S. recognized Willie McKay as the man who had given Crawford and her a ride home on the day before the robbery. Crawford, however, provided investigators with varying names of the

driver who gave him a ride home on the night of the armed robbery and the day before. Detective Clifford Byrd testified that Crawford "kept giving me different names" and that none of the names checked out.

At trial, Crawford denied any involvement in the crimes and further denied that McKay had ever given him or J. S. a ride home. Although Crawford testified that a John Beasley provided a ride home to him, no such person testified at trial. Crawford admitted that he and McKay shared an apartment and had been acquainted for 20 years. The jury found McKay guilty of armed robbery, five counts of false imprisonment, and possession of a firearm during the commission of a felony. *McKay v. State*, 251 Ga. App. 115 (553 SE2d 672) (2001). Crawford was convicted of armed robbery and conspiracy to commit armed robbery.

1. Crawford contends that the trial court erred by failing to grant his motion for discharge and acquittal after the State failed to timely bring him to trial in compliance with his speedy trial demand. He claims that he filed a statutory demand for a speedy trial during the December 1999 term of court and yet was not tried until June 2000.

Discharge and acquittal based on a demand is an extreme sanction that requires strict statutory compliance. *Shire v. State*, 225 Ga. App. 306, 310 (2) (483 SE2d 694) (1997). Although armed robbery is not a capital offense punishable by death, OCGA § 17-7-171 and not OCGA § 17-7-170 is the statute that applies to that offense. *Simmons v. State*, 149 Ga. App. 830, 831 (1) (256 SE2d 79) (1979); see *Davis v. State*, 221 Ga. App. 168, 169 (1) (471 SE2d 14) (1996). Under OCGA § 17-7-171, to effectuate a speedy trial demand, a defendant must fully comply with a three-prong procedure. *Smith v. State*, 261 Ga. 298, 299 (1) (404 SE2d 115) (1991). A defendant must file a demand with the court; there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the term at which the demand is filed; and at some point during both of the first two regular terms of court following the term in which demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment. *Levester v. State*, 270 Ga. 485 (512 SE2d 258) (1999). The failure to comply with the express language of OCGA § 17-7-171 (b) that the defendant be in court "announcing ready for trial" following the filing of a speedy trial demand operates as a waiver of that demand. *Rice v. State*, 264 Ga. 846, 847 (452 SE2d 492) (1995). These statutory requirements are mandatory and require "strict adherence, and a defendant may waive the right to a speedy trial by his actions or inaction. [Cits.]" *Levester*, supra at 487. A defendant must, either through his own actions or those of his attorney, be present in court, announce his readiness to proceed, and request a trial. Id.

Here, Crawford failed to establish full compliance with the third prong since the record does not show that he or his counsel had been present in court, announcing ready for trial, and requesting a trial on the indictment. According to the transcript of February 2, 2000, the State sought to postpone the case so that McKay and Crawford could be indicted and tried together. But the transcript does not show that Crawford announced ready and requested to be tried on the indictment after the State sought the delay. Mere silence or inaction cannot satisfy OCGA § 17-7-171 (b). See *Levester*, supra at 487. On March 2, 2000, the case was again called. The prosecutor and defense counsel dispute what occurred that day except they agree that the State sought a continuance due to the unavailability of one of the victims. In the absence of a transcript, it cannot be presumed that defense counsel announced ready and requested a trial, especially since the prosecutor claims otherwise. See *Cooper v. State*, 235 Ga. App. 66, 67 (1) (508 SE2d 447) (1998) (error must be shown by record evidence). The case may have again appeared on trial calendars for March 28 and May 4, but no transcript of any announcements or motions has been provided for those dates. In the absence of evidence to document strict compliance with OCGA § 17-7-171 (b), the trial court correctly refused to dismiss the case against Crawford. *State v. Moore*, 207 Ga. App. 677, 678 (428 SE2d 815) (1993); see *Levester*, supra at 487.

2. Crawford contends that the evidence does not support his conviction.

The case against Crawford was largely circumstantial. But even if Crawford did not reenter the restaurant or actively participate in the actual armed robbery, one who intentionally aids or abets the commission of a crime by another person is a party to the crime and equally culpable. *Pryor v. State*, 179 Ga. App. 293 (1) (346 SE2d 104) (1986). Although no one actually saw Crawford hold or leave the front doors open, there was evidence from which the jury could have decided that he did so. Crawford seemed visibly nervous just before he left. McKay, a lifelong friend of Crawford, gained entry to the restaurant almost immediately after Crawford exited through the front doors. Repeated testing conducted shortly after the crimes established that the front door locks were operating properly and did not malfunction. Entry was made while the manager was still on the premises and occupied with counting the cash. Inexplicably, Crawford offered different names to investigators as to the source of his ride home. McKay and Crawford were seen together in the same vehicle the day before the armed robbery. From this evidence, a rational finder of fact could have found beyond a reasonable doubt that Crawford was a party to the crime of armed robbery. See *Graves v. State*, 180 Ga. App. 446 (1) (349 SE2d 519) (1986).

3. Crawford asserts that he was deprived of effective assistance of counsel at trial because his attorney allowed admission of his prior criminal record. He contends that the decision to place his character in evidence was not a tactical decision "but a complete and total failure to understand [the] law."

To prevail on an ineffectiveness claim, an appellant must overcome the strong presumption that his trial counsel's conduct fell within the wide range of reasonable professional performance. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996). And, tactical decisions, even if they misfire, do not generally equate with ineffectiveness. *Harper v. State*, 232 Ga. App. 224, 227 (2) (d) (501 SE2d 591) (1998).

Here, at the motion for new trial hearing, defense counsel explained that Crawford was an extremely talkative client and, in his opinion, likely to "open the door" to the introduction of evidence about his prior convictions. After multiple interviews with Crawford, defense counsel decided it would be preferable to elicit the unfavorable information about the past crimes from Crawford on direct. None of Crawford's prior crimes involved violence or use of a weapon. Trial counsel testified that part of the defense strategy was to establish that Crawford had no history of violence, willingly admitted his past mistakes, did not try to conceal his past from the jury, and had become "a working man." Although reasonable minds may disagree after the fact, effectiveness is not judged by hindsight or the results of the trial. *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994). Because the trial court's finding that Crawford was not denied effective assistance of counsel is not clearly erroneous, it must be affirmed. Id.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED DECEMBER 3, 2001.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Roger H. Anderson, Assistant District Attorneys*, for appellee.