## S02A0642. SHORTER v. WATERS.
### (571 SE2d 373)

HUNSTEIN, Justice.

We granted Spencer Shorter's petition for probable cause to appeal in this habeas corpus proceeding in order to address whether under the facts in this case the habeas court applied the correct standard when it determined that the appellate strategy utilized by Shorter's counsel was not "so unreasonable" under *Battles v. Chap-*

---

*man*, 269 Ga. 702 (506 SE2d 838) (1998). Because we find that the habeas court was misled by certain language in *Battles* into applying an inappropriate standard, we vacate the habeas court's decision and remand for application of the proper standard.

Shorter was the driver of a Cadillac containing three other men who became involved in a police chase through east Atlanta and onto I-20. Shots were fired at the pursuing officers and evidence indicated that Melvin Shaw, a passenger in Shorter's car, was the shooter. Shorter and Shaw were indicted, inter alia, on charges of aggravated assault on a police officer. They were tried together and both were convicted; Shorter's conviction was based on the fact that his conduct aided and abetted Shaw, who actually committed the aggravated assaults. See *Shorter v. State*, 239 Ga. App. 625, 626-627 (2) (521 SE2d 684) (1999).

Shorter's co-defendant Shaw appealed his conviction to the Court of Appeals. That court reversed Shaw's conviction, finding that the trial court erred when it refused to give defense counsel's requested jury instruction on reckless conduct as the lesser included offense of aggravated assault with a deadly weapon based on OCGA § 16-5-20 (a) (1). See *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999).

Shorter chose after his conviction to file a motion for new trial and appellate counsel, Victor Cuvo, was appointed to represent him. It is uncontroverted that Shorter's trial counsel neither requested a reckless conduct charge nor joined in Shaw's objections regarding the charge, although the error in failing to give a reckless conduct charge was equally applicable to Shorter. Cuvo, however, did not raise any claim in the motion regarding the ineffectiveness of trial counsel. After the trial court denied the motion, Shorter was appointed new appellate counsel, Gerard Kleinrock. The record reflects that Kleinrock sought a remand of the case from the Court of Appeals to the trial court for a hearing on whether Shorter's first appellate counsel, Cuvo, was ineffective for failing to argue in the motion for new trial that Shorter's trial counsel was ineffective. The Court of Appeals addressed this remand request in its opinion, *Shorter*, supra, 239 Ga. App. at 625 (1), and handled the request by reviewing the merits of the claim that Shorter received ineffective assistance of trial counsel. Id. However, the only ground asserted by Kleinrock in the Court of Appeals regarding trial counsel's ineffectiveness was counsel's failure to file a motion to suppress evidence seized from Shorter's car. Id. Kleinrock raised no ground regarding trial counsel's failure to request or to join co-defendant Shaw's request for a reckless conduct charge. It is uncontroverted that Kleinrock knew about the significance of the reckless conduct charge because Kleinrock testified he read co-defendant Shaw's appellate brief *before* filing

Shorter's brief. Thus, Kleinrock had the opportunity to raise the reckless conduct charge issue before the Court of Appeals but chose not to do so.[1]

Shorter filed a petition for habeas corpus, contending that Kleinrock's performance was deficient because he did not raise trial counsel's failure to request or join in Shaw's request for the reckless conduct charge when asserting trial counsel's ineffectiveness before the Court of Appeals. Shorter contends that this deficiency prejudiced his case and that but for this deficient performance, there is a reasonable probability the Court of Appeals would have reversed his conviction for the very same reason it reversed co-defendant Shaw's conviction. See *Sloan v. Sanders*, 271 Ga. 299, 300 (519 SE2d 219) (1999) (prejudice prong of ineffectiveness claim satisfied by showing that outcome of appeal would have been different).

The habeas court, in considering Shorter's contention that Kleinrock's performance was deficient, looked to *Battles v. Chapman*, supra, for guidance. In *Battles* this Court held that

> when appellate counsel's performance is claimed to be deficient because of a failure to assert an error on appeal, the reviewing court should resolve whether the decision was a reasonable tactical move which any competent attorney in the same situation would have made, by *comparing the strength of the errors raised against the significance and obviousness of the alleged error passed over*. The presumption of effective assistance of counsel can be overcome only when the ignored issue was so clearly stronger than the errors presented that the tactical decision must be deemed an unreasonable one which only an incompetent attorney would have adopted.

(Emphasis supplied; footnoted omitted.) Id., 269 Ga. at 704 (1) (a). In its ruling, the habeas court placed particular emphasis on the italicized comparison language in this passage from *Battles*. The court then followed this Court's direction and weighed the relative strength and weakness of the argument Kleinrock did raise, i.e., trial counsel's failure to move to suppress evidence seized from Shorter's

---

[1] The habeas court found significant Kleinrock's testimony that he would have raised the reckless conduct charge issue in the Court of Appeals had trial counsel requested the instruction. This testimony clearly reflects that Kleinrock recognized that the reckless conduct charge argument had merit. Kleinrock's explanation for why he did not raise it, namely, that the issue would have to pass through a Sixth Amendment claim of ineffective assistance of counsel, ignores the fact that Kleinrock could have argued trial counsel's lapse in not requesting a reckless conduct charge at the same time he sought remand in the Court of Appeals asserting trial counsel's other lapse, i.e., the failure to file a motion to suppress.

car, against the argument Kleinrock did not raise, i.e., trial counsel's failure to request or join the co-defendant's request for a charge on reckless conduct. The habeas court properly recognized that the issue Kleinrock raised in the Court of Appeals was a relatively strong one.[2] Relying on the language in *Battles*, the habeas court concluded in light of the relative strength of the one ineffectiveness argument Kleinrock did raise that counsel's appellate strategy was not "so unreasonable" for failing to raise the other ineffectiveness argument, notwithstanding the reasonable probability of reversal had it been asserted. See *Shaw*, supra; see generally *Sloan*, supra.

Weighing the relative strengths and weaknesses of errors enumerated on appeal against those not enumerated is an appropriate and efficient method of assessing the effectiveness of appellate counsel in many, if not most, cases asserting that counsel's performance was deficient for failing to raise a nonfrivolous trial error. Accord *Smith v. Robbins*, 528 U. S. 259, 288 (IV) (120 SC 746, 145 LE2d 756) (2000) (approving ineffectiveness of appellate counsel claims based upon a "showing that a particular nonfrivolous issue was clearly stronger than issues that counsel did present"). However, a review of *Battles* reveals it is permeated with language stressing that use of this comparison analysis is the "only" means to overcome the presumption of effectiveness of appellate counsel. Id. at 705.

We now recognize that the general weighing rule we adopted in *Battles* does not effectively operate in all cases in which appellate counsel's performance is claimed to be deficient because of a failure to assert an error on appeal. Situations may arise when every error enumerated by appellate counsel on appeal presented a strong, nonfrivolous issue but counsel's performance was nonetheless deficient because counsel's tactical decision not to enumerate one rejected error "was an unreasonable one which only an incompetent attorney would adopt." Id. at 705 (1) (a). Accord *United States v. Cook*, 45 F3d 388, 395 (10th Cir. 1995); see *Page v. United States*, 884 F2d 300, 302 (7th Cir. 1989). See also *Smith v. Robbins*, supra, 528 U. S. at 288 (IV) ("still possible" to bring ineffective assistance of appellate counsel claims without weighing relative merits of issues, despite difficulty in demonstrating counsel's incompetence).

Hence, we modify our language in *Battles* to the extent it indicates that the "only" way the presumption of effective assistance of appellate counsel can be overcome in cases alleging deficient performance in the selection of appellate issues is for the habeas petitioner

---

[2] The argument drew strong parallels between *Vansant v. State*, 264 Ga. 319 (2) (443 SE2d 474) (1994) and the facts in the instant case regarding the reasons why police initially decided to stop Shorter's vehicle. This argument was neither frivolous nor weak simply because it did not prevail in the Court of Appeals.

to establish by a preponderance of the evidence that an ignored issue outweighed the enumerated errors. Id. at 705. We reiterate that the controlling principle is "whether [appellate counsel's] decision was a reasonable tactical move which any competent attorney in the same situation would have made." *Battles*, supra, 269 Ga. at 705 (1) (a).

In the instant case, the habeas court addressed Kleinrock's decision not to include in his arguments before the Court of Appeals the issue of trial counsel's ineffectiveness regarding the reckless conduct charge. The habeas court found that counsel's decision was not "so" unreasonable as to support a finding of deficient performance because of the strength of the appellate issue Kleinrock did raise. The habeas court's application of the weighing test in *Battles* may have misdirected the court's focus away from the pertinent analysis the facts of this particular case warranted, namely, whether a competent attorney in the same situation as Kleinrock would also have failed to raise the reckless conduct charge argument. There has been no determination whether, standing on its own, Kleinrock's decision was one only an incompetent attorney would have adopted. Id. at 705 (1) (a). It is for this reason that we vacate the habeas court's judgment and remand this case with direction that the habeas court review Shorter's petition for writ of habeas corpus under the appropriate analysis as set forth in this opinion.

*Judgment vacated and remanded. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

Spencer Shorter, *pro se.*
*Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General, Mark A. Gilbert,* for appellee.