## S02A1598. NELSON v. HALL.
### (573 SE2d 42)

THOMPSON, Justice.

Calvin Leon Nelson was convicted of aggravated assault, kidnapping with bodily injury, and armed robbery. He was sentenced as a recidivist to life without the possibility of parole on both the kidnapping and armed robbery convictions, and to a 20-year concurrent term for aggravated assault. On direct appeal, the Court of Appeals reversed the armed robbery conviction, but affirmed the others. *Nelson v. State*, 233 Ga. App. 385 (503 SE2d 335) (1998), overruled in

part in *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002). Nelson subsequently pled guilty to the lesser offense of robbery by intimidation for which he received a ten-year sentence.

As to the remaining convictions, Nelson filed a petition for writ of habeas corpus, alleging that he was denied effective assistance of appellate counsel on several grounds, among which was appellate counsel's failure to challenge an erroneous jury instruction regarding the kidnapping offense. The error stemmed from the trial court's failure to instruct the jury on the "bodily injury" element of the charged offense.

In *Hunter v. State*, 228 Ga. App. 846, 847 (493 SE2d 44) (1997), the court held that absent any instruction regarding the bodily injury element of the offense of kidnapping with bodily injury, the trial court's charge to the jury "was substantially in error and harmful as a matter of law in that it authorized a conviction for kidnapping with bodily injury upon proof of only the elements of simple kidnapping." Citing *Hunter*, supra, the habeas court determined that the omission by Nelson's appellate counsel was "harmful as a matter of law" and that counsel was deficient in failing to enumerate the error on appeal. However, somewhat paradoxically, the court concluded that "the error could not have prejudiced the petitioner"; and it denied habeas relief on that basis. In analyzing the prejudice prong of Nelson's claim, the habeas court looked not to the outcome on appeal, but to the ultimate resolution on remand or retrial. This reasoning was based on the fact that as a recidivist, Nelson was subject to the same punishment for both kidnapping with bodily injury and simple kidnapping. See OCGA § 17-10-7 (b). We granted Nelson's application for certificate of probable cause to appeal to determine whether the habeas court was required to examine whether there was a reasonable probability that the outcome on appeal, not on remand or new trial, would have been different. Because we hold that the habeas court applied an improper analysis in assessing prejudice, we reverse.

To obtain habeas corpus relief on a claim of ineffective assistance of appellate counsel, a petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984) — that appellate counsel was deficient in failing to raise an issue on appeal and that the deficiency prejudiced the defense. *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002); *Sloan v. Sanders*, 271 Ga. 299 (519 SE2d 219) (1999); *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998).

In Nelson's case, the habeas court correctly determined that counsel's performance was constitutionally inadequate due to his failure to challenge a jury instruction which omitted the essential element of bodily injury. Had counsel enumerated this issue on

appeal, Nelson's judgment of conviction for kidnapping with bodily injury would most certainly have been overturned. See *Hunter*, supra.

In order to establish the prejudice component of an ineffective assistance of appellate counsel claim, the defendant must show "a reasonable probability that the outcome of the appeal would have been different." *Sloan*, supra at 300. Accord *Matire v. Wainwright*, 811 F2d 1430 (11th Cir. 1987); *Lockhart v. McCotter*, 782 F2d 1275 (5th Cir. 1986). We recently reiterated that standard in *Shorter*, supra at 585. Accord *Stanford v. Stewart*, 274 Ga. 468 (554 SE2d 480) (2001) (where the error would have mandated a new trial, the prejudice is "obvious"). Thus, the inquiry does not focus on the projected result on remand or retrial, but whether there is a reasonable probability that the result of the *appeal* would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U. S. 668, 674 (104 SC 2052, 80 LE2d 674) (1984). Since Nelson would have been entitled to a reversal of his kidnapping conviction had appellate counsel raised the issue on appeal, we hold that he has carried his burden of establishing both the deficiency and prejudice components of his ineffective assistance of appellate counsel claim.[1] It follows that the habeas court erred in denying Nelson's petition.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

Calvin L. Nelson, *pro se.*

*Thurbert E. Baker*, Attorney General, *Adam M. Hames*, *Wylencia H. Monroe*, Assistant Attorneys General, for appellee.

*James C. Bonner, Jr.*, amicus curiae.

---

[1] We acknowledge that under the peculiar circumstances of this case, depending on the State's course of action, Nelson may not be entitled any greater relief upon remand because the mandatory sentencing provision of OCGA § 17-10-7 (b) requires the imposition of life without parole for the second serious violent felony of simple kidnapping. See, e.g., *Bundren v. State*, 247 Ga. 180 (2) (274 SE2d 455) (1981) (at election of State, upon remand defendant may either receive a new trial or be resentenced for the lesser offense). However, in most any other circumstance, there would be no way for the habeas court to predict the outcome of a second proceeding.