## S03A0093. PHILLIPS v. WILLIAMS.
(583 SE2d 4)

SEARS, Presiding Justice.

The appellant, Harvey Phillips, was convicted of the possession of cocaine, and the Court of Appeals affirmed his conviction.[1] Phillips subsequently filed a petition for habeas corpus relief, contending, among other things, that his appellate counsel was ineffective for failing to contend on appeal that the State failed to establish the chain of custody of the substance identified at trial as cocaine. The habeas court denied the petition, and we granted Phillips's application for certificate of probable cause to appeal. For the reasons that follow, we reverse.

When a habeas petitioner contends that his appellate counsel provided deficient representation in failing to raise an issue on appeal, "the controlling principle is 'whether (appellate·counsel's) decision was a reasonable tactical move which any competent attorney in the same situation would have made.'"[2] Moreover, "to establish the prejudice component of an ineffective assistance of appellate counsel claim, the defendant must show 'a reasonable probability that the outcome of the appeal would have been different.'"[3]

Phillips contends that appellate counsel's performance was deficient in failing to raise a claim that the State failed to establish the chain of custody for the substance that a crime lab expert identified at trial as cocaine. To establish the chain of custody of a fungible substance like cocaine, the State must establish the "identity and integrity" of the cocaine.[4]

> The proponent must show that the cocaine tested at the crime lab, for example, is the same as that seized from the accused. The proponent also must show that the drugs, blood samples, and so forth were neither tampered with nor corrupted during their travels from crime scene to evidence room to laboratory to courtroom.[5]

---

[1] *Black v. State*, 242 Ga. App. 271 (529 SE2d 410) (2000) (Phillips is also known as Christopher Black).

[2] *Shorter v. Waters*, 275 Ga. 581, 584-585 (571 SE2d 373) (2002), quoting *Battles v. Chapman*, 269 Ga. 702, 705 (506 SE2d 838) (1998). Accord *State v. Smith*, 276 Ga. 14, 16 (573 SE2d 64) (2002).

[3] *Nelson v. Hall*, 275 Ga. 792, 794 (573 SE2d 42) (2002), quoting *Sloan v. Sanders*, 271 Ga. 299, 300 (519 SE2d 219) (1999).

[4] Milich, Georgia Rules of Evidence § 7.1, at 81 (2nd ed. 2002).

[5] Id. Accord *Armstrong v. State*, 274 Ga. 771, 772 (560 SE2d 643) (2002) ("When the State seeks to introduce into evidence an item that is subject to the chain of custody rule, it must establish with reasonable assurance that the item seized is the same as the item being offered into evidence."); *Dean v. State*, 211 Ga. App. 28, 30 (438 SE2d 380) (1993) (The State must show with "'reasonable certainty that the evidence examined is the same as that seized and that there has been no tampering or substitution.'").

Proving the chain of custody for fungible evidence "means accounting for the safekeeping and transportation of the evidence from seizure to trial."[6] In contrast to fungible evidence, if a piece of tangible evidence is a "distinct item that could be recognized from its features from someone who saw it before, that person's testimony identifying the item is sufficient" to authenticate it.[7]

In the present case, the State contends that the plastic bag and the substance in it were properly authenticated because several witnesses identified the bag and the substance as what was seized from Phillips at the time of his arrest. However, because there was no evidence at trial that the plastic bag and the alleged cocaine were distinct items with "readily observable distinguishing characteristics,"[8] we conclude that they were, as in the typical drug prosecution, fungible items that required proof of a chain of custody.

In this regard, we conclude that the State clearly failed to prove an adequate chain of custody. The State offered no evidence at trial regarding what happened to the substance in question after it was taken from Phillips at the time of his arrest. For example, there was no evidence that a police officer placed any identifying marks on the bag containing the substance; no evidence that an officer placed it in a property room or security locker at the police station; no evidence that an officer transported the bag and its substance to the crime lab; and no evidence that the particular bag and its substance were given any identifying marks at the crime lab.[9] In sum, there was no evidence that any routine procedures or practices for safekeeping and transporting the alleged cocaine were followed. We thus conclude that the State failed to establish with reasonable certainty that the substance tested at the crime lab was the substance seized from Phillips at the crime scene. The trial court thus erred in admitting evidence of the substance over Phillips's objection, and we conclude that, given the chain of custody problem in this case, the error was harmful.[10]

Because the State clearly failed to establish the chain of custody, we conclude that any competent attorney would have raised the chain of custody issue, and that Phillips's appellate attorney provided deficient representation in failing to do so.[11] Furthermore, because the error, if raised, would have led to a different outcome on appeal, appellate counsel's deficient performance was prejudicial to

---

[6] Milich at 81.

[7] Milich at 80-81.

[8] Milich at 81.

[9] See *Dean*, 211 Ga. App. at 30; Milich at 81; *Sartin v. State*, 203 Ga. App. 293, 295 (416 SE2d 572) (1992).

[10] See *Harper v. Dooley*, 221 Ga. App. 715, 716 (472 SE2d 461) (1996).

[11] See *Smith*, 276 Ga. at 16; *Shorter*, 275 Ga. at 585.

Phillips.[12]

For these reasons, the habeas court erred in ruling against Phillips's ineffective assistance claim and in denying Phillips's petition for habeas corpus relief.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 9, 2003.

*Marcus C. Chamblee, Stephen D. Pereira,* for appellant.

*Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General,* for appellee.

---

[12] See *Nelson,* 275 Ga. at 794.