## S04A1277. CRAWFORD v. THOMPSON.
### (603 SE2d 259)

HUNSTEIN, Justice.

We granted Stanley Crawford's certificate of probable cause to appeal the denial of his petition for habeas corpus in order to determine whether the habeas court erroneously analyzed Crawford's claim of ineffective assistance of appellate counsel. We hold that the habeas court incorrectly applied *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002) and that when Crawford's case is properly analyzed, he is entitled to habeas corpus relief.

Crawford was represented at trial by attorney Cooper. After Crawford was convicted of armed robbery and conspiracy to commit armed robbery, attorney Mason was appointed to represent Crawford on appeal. Mason raised three issues before the Court of Appeals in Crawford's appeal: the denial of Crawford's motion for discharge and acquittal after the State failed to timely bring him to trial in compliance with his speedy trial demand; an ineffective assistance of trial counsel claim in which the only argument was that Cooper improperly placed Crawford's character into evidence by questioning Crawford on direct about his prior criminal record; and the sufficiency of the evidence to support the verdict. In *Crawford v. State*, 252 Ga. App. 722 (556 SE2d 888) (2001), the Court of Appeals affirmed Crawford's convictions after carefully analyzing his enumerations. Pertinent to this habeas case, the Court of Appeals held that the speedy trial issue was procedurally defaulted because Crawford "failed to establish full compliance" with the applicable statute, OCGA § 17-7-171. *Crawford*, supra at 724 (1). Specifically, the Court of Appeals recognized that the record failed to reflect that trial counsel had fulfilled the strict requirement that a defendant be in court "announcing ready for trial" in that the one pre-trial hearing that was transcribed and available for appellate review did not show that "Crawford announced ready and requested to be tried on the indictment." Id.

Crawford subsequently filed a habeas petition in which he asserted, inter alia, that his appellate counsel was ineffective for raising the speedy trial issue as a separate enumeration of error rather than in the context of a claim of ineffective assistance of trial counsel. The habeas court found that Mason chose not to raise such a claim because Mason "did not think trial counsel was ineffective." Mason recognized that Cooper, in presenting Crawford's statutory

speedy trial demand on the armed robbery charge, had cited to OCGA § 17-7-170 (speedy trial demand in non-capital cases) instead of OCGA § 17-7-171, the statute applicable to capital crimes such as armed robbery, and that Cooper made no formal announcement that Crawford was ready to be tried on the indictment when he and Crawford appeared at calls of the case during the two terms following the filing of the demand.[1] The habeas court found that "[Mason] did not believe that [using the wrong statute] made the difference in the outcome of the motion for discharge. . . . He also did not think that [Cooper] was ineffective for not specifically announcing ready for trial. In fact Mr. Mason stated that he probably would have proceeded in a similar fashion." After making these findings of fact, the habeas court referenced the appropriate law then concluded that Crawford's claim failed because Crawford had not shown that Mason's performance was deficient or that Crawford's appeal was prejudiced by Mason's performance.

A claim of ineffective assistance of appellate counsel requires a showing both that counsel's performance was deficient and that the deficiency prejudiced the outcome of the defendant's appeal. *Sloan v. Sanders*, 271 Ga. 299 (519 SE2d 219) (1999); *Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998). As to the deficiency component, this Court has held that when analyzing whether appellate counsel's performance was deficient, "the controlling principle is 'whether (appellate counsel's) decision was a reasonable tactical move which any competent attorney in the same situation would have made.' [Cit.]" *Shorter*, supra, 275 Ga. at 585. As to the prejudice component, a defendant must show " 'a reasonable probability that the outcome of the appeal would have been different.' " (Footnote omitted.) *Phillips v. Williams*, 276 Ga. 691 (583 SE2d 4) (2003).

Looking to the deficiency component, the issue before the habeas court in this case was whether Mason's decision not to include the speedy trial error as an additional claim in the ineffective assistance of trial counsel enumeration was " 'an unreasonable one which only an incompetent attorney would adopt.' [Cit.]" *Shorter*, supra, 275 Ga. at 584. The habeas court here determined that Mason's decisions were not unreasonable. Insofar as this decision was based on the habeas court's determinations of fact, it will be upheld on appeal unless clearly erroneous. *Turpin v. Todd*, 271 Ga. 386, 390 (519 SE2d 678) (1999) (appellate court will not disturb fact finding supported by any evidence). Accordingly, because it is not clearly erroneous, we accept the habeas court's factual finding that Mason decided not to

---

[1] The habeas court noted that Cooper alleged that "he did not have to actually announce ready because he was present during those terms of court and announced not guilty."

raise the speedy trial issue as part of the ineffective assistance of trial counsel enumeration because Mason reasoned that trial counsel's use of the incorrect statute made no difference in the outcome of the motion for discharge and that Mason himself "would have proceeded in a similar fashion" as trial counsel.

Although we accept the habeas court's factual finding that these were the reasons for Mason's decision, we are not bound by the habeas court's legal conclusion that Mason's decision was a reasonable tactical move which any competent attorney in the same situation would have made and instead independently apply the applicable legal principles to the facts. *Turpin v. Bennett*, 272 Ga. 57, 58 (525 SE2d 354) (2000). Looking to Mason's reasons, they seem to reflect (albeit in colloquial language) that he correctly analyzed Cooper's performance under the two-prong test in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), namely, whether trial counsel's performance was deficient and whether that deficiency prejudiced the defense. As to the first prong, Mason clearly applied the wrong standard in assessing whether Cooper's performance was deficient. The habeas court found that Mason determined Cooper's performance was not deficient for failing to use the correct statute because Mason reasoned that he would have proceeded similarly. However, Mason's personal level of competency was not the controlling standard to be applied in assessing the effectiveness of trial counsel. Instead, Mason should have assessed Cooper's performance by determining whether Cooper's actions fell below an *objective* standard of reasonableness. *Lajara v. State*, 263 Ga. 438 (3) (435 SE2d 600) (1993). Applying the appropriate standard, the record establishes that Cooper, by failing to identify the correct statute applicable to Crawford's demand for speedy trial in his armed robbery case and thereafter failing to comply with the strict requirements of that statute, rendered assistance that fell below the minimum standard set forth in *Strickland*, supra. See *Benham v. State*, 277 Ga. 516 (591 SE2d 824) (2004). We thereby conclude that Mason's own performance was deficient in failing to appropriately assess the deficiency in Cooper's performance under the first *Strickland* prong.

Even where trial counsel's performance is found to be deficient, an ineffective assistance claim may nevertheless fail if that deficient performance did not prejudice the defense. *Strickland*, supra. Here, the habeas court found that Mason determined Crawford's defense was not prejudiced by Cooper's performance because Mason believed that Cooper's use of the incorrect statute made no difference in the outcome of the motion for discharge and acquittal. Mason was clearly wrong in reaching this conclusion. Given the well established law that "[d]ischarge and acquittal based on a demand is an extreme sanction that requires strict statutory compliance [cit.]," *Crawford,*

supra, 252 Ga. App. at 723, any reasonably competent attorney could foresee that the failure to strictly follow the correct speedy trial statutory requirements could have only one result, namely, the denial of any motion for discharge made pursuant to the statute. Accordingly, because Cooper's failure to comply with the strict statutory requirements of OCGA § 17-7-171 had the obvious and adverse result of causing the denial of Crawford's motion for discharge and acquittal, no reasonable appellate attorney reviewing this matter would have concluded that this significant deficiency in trial counsel's performance made "no difference" in the outcome of the motion for discharge[2] so as to find that Crawford's defense was not prejudiced by the error.[3]

Applying *Shorter*, supra, we conclude that Crawford carried his burden of showing that Mason's decision not to raise the speedy trial issue as part of the ineffective assistance of trial counsel enumeration was an unreasonable one no competent attorney in the same circumstances would have made. See generally *Phillips v. Williams*, 276 Ga. 691 (583 SE2d 4) (2003).

The habeas court also held that Crawford failed to show that there was a reasonable probability that the outcome of his appeal would have been different had Mason properly raised the speedy trial issue as part of the ineffective assistance of trial counsel enumeration. We disagree. Under the prejudice prong, "the inquiry does not focus on the projected result on remand or retrial, but whether there is a reasonable probability that the result of the *appeal* would have been different. 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cit.]" *Nelson v. Hall*, 275 Ga. 792, 794 (573 SE2d 42) (2002). The Court of Appeals' opinion clearly reflects that its ruling on Crawford's speedy trial issue was resolved solely on the basis of trial counsel's procedural default in failing to follow the appropriate statutory requirements. *Crawford*, supra, 252 Ga. App. at 724 (1). Given that trial counsel's performance as to the speedy trial demand was deficient and the deficiency prejudiced Crawford's defense, had appellate counsel raised this issue on appeal

---

[2] We cannot speculate whether or not the State would have tried Crawford timely had Cooper acted in strict statutory compliance with OCGA § 17-7-171. However, the evidence before the habeas court clearly established that the State did not try Crawford within two terms of court after the speedy trial demand was filed but instead sought continuances, first in order to indict and try Crawford together with another individual and then twice later because of the unavailability of the victim and/or other witnesses.

[3] Although the habeas court focused exclusively on the outcome of the motion for discharge in assessing the prejudice to Crawford from trial counsel's deficient performance, we note that Crawford was more directly prejudiced by trial counsel's deficient performance in that he was denied his statutory right to be tried within two regular terms of court after the term at which his demand was filed. OCGA § 17-7-171 (b).

Crawford would have been entitled to a reversal of his armed robbery and conspiracy convictions. See *Sloan,* supra, 271 Ga. at 300 (petitioner entitled to habeas corpus relief where his right to speedy trial was denied and appellate counsel was ineffective by failing to raise trial counsel's failure to move for dismissal on that basis). Accordingly, we conclude that Crawford established that the outcome of his appeal was prejudiced by Mason's deficient performance. See also *Stanford v. Stewart,* 274 Ga. 468 (2) (554 SE2d 480) (2001) (where error would have mandated a new trial, prejudice is "obvious").

It follows that the habeas court erred by denying Crawford's petition. See generally *Nelson,* supra, 275 Ga. at 794.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

Stanley J. Crawford, *pro se.*
*Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General,* for appellee.