S04A1093. SHORTER v. WATERS.

(604 SE2d 472)

HINES, Justice.

This Court granted Spencer Shorter's application for a certificate of probable cause to appeal the habeas court's "Amendment to Final Order" affirming the denial of Shorter's petition for writ of habeas corpus following this Court's remand in *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002). The concern is whether the habeas court correctly held that, under the circumstances of this case, the failure of appellate counsel to raise the issue of ineffectiveness of trial counsel regarding the charge on reckless conduct as a lesser included offense was not " 'an unreasonable one which only an incompetent attorney would have adopted.' [Cits.]" Id. at 584. We conclude that the habeas court erred when it rejected Shorter's claim of ineffective assistance of appellate counsel.

The history of this case is necessary to understanding the present appeal. Spencer Shorter was the driver of a car containing three other men which became involved in a police chase. Shots were fired at the pursuing police officers, and the evidence indicated that passenger Melvin Shaw was the shooter. Shorter and Shaw were indicted and tried together on charges of aggravated assault on a police officer; both were convicted. Shorter's conviction was based on the fact that he aided and abetted Shaw. Shaw's conviction was reversed by the Court of Appeals upon a finding that the trial court erroneously refused Shaw's requested jury instruction on reckless conduct. *Shorter v. Waters* at 582; *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999).

Shorter's trial counsel did not request a charge on reckless conduct or join in Shaw's objections regarding the refusal to give Shaw's requested charge, although the error in failing to give it was equally applicable to Shorter. After conviction, Shorter chose to file a motion for new trial and appellate counsel Victor Cuvo was appointed to represent him. Cuvo did not raise any claim about the ineffectiveness of trial counsel. The motion for new trial was denied, and Shorter was appointed new appellate counsel, Gerard Kleinrock. Kleinrock sought in the Court of Appeals a remand of the case to the trial court for a hearing on whether Cuvo had been ineffective for not raising trial counsel's ineffectiveness in the motion for new trial. The Court

of Appeals handled the request for remand by considering the merits of the claim of ineffectiveness and rejecting it. See *Shorter v. State*, 239 Ga. App. 625 (1) (521 SE2d 684) (1999). But the only claim regarding trial counsel's ineffectiveness that Kleinrock raised in the Court of Appeals was the failure to file a motion to suppress evidence seized from Shorter's car; he did not raise trial counsel's failure to request or join Shaw's request for a jury charge on reckless conduct. Kleinrock knew about the significance of the reckless conduct charge because he read the appellate brief filed on behalf of Shaw before he filed Shorter's brief. Consequently, even though he had the opportunity to do so, Kleinrock elected not to raise the reckless conduct charge issue in the Court of Appeals. *Shorter v. Waters* at 582-583.

Shorter then filed a petition for a writ of habeas corpus asserting that Kleinrock's performance was deficient because he did not raise the issue of the reckless conduct charge in the Court of Appeals. Relying on *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998), the habeas court weighed the relative strength and weakness of the argument that Kleinrock did raise, i.e., trial counsel's failure to move to suppress the seized evidence, against the argument that Kleinrock did not pursue, i.e., the reckless conduct charge issue; the habeas court concluded "in light of the relative strength of the one ineffectiveness argument Kleinrock did raise that counsel's appellate strategy was not 'so unreasonable' for failing to raise the other ineffectiveness argument, notwithstanding the reasonable probability of reversal had it been asserted." *Shorter v. Waters* at 584.

In Shorter's pro se appeal to this Court, we modified *Battles v. Chapman* to the extent that it indicated that "the 'only' way the presumption of effective assistance of appellate counsel can be overcome in cases alleging deficient performance in the selection of appellate issues is for the habeas petitioner to establish by a preponderance of the evidence that an ignored issue outweighed the enumerated errors." *Shorter v. Waters* at 585. This Court reiterated that "the controlling principle is 'whether [appellate counsel's] decision was a reasonable tactical move which any competent attorney in the same situation would have made.' " Id. Accordingly, we vacated the judgment of the habeas court and remanded the case in order for the habeas court to consider Shorter's petition for writ of habeas corpus under the appropriate analysis. Id.

In its amended order, the habeas court reaffirmed the findings of fact contained in its original order before considering the question of whether Kleinrock's decision not to raise the reckless conduct charge argument in Shorter's appeal was a reasonable tactical move which any competent attorney in the same situation would have made. Although the habeas court stated the appropriate analysis set forth

by this Court, the rationale upon which it based its conclusion that Shorter's counsel was not ineffective does not withstand scrutiny.

The habeas court restates the fact that Shorter's trial counsel did not preserve the issue of the reckless conduct charge for review on direct appeal; therefore, Kleinrock would have had to raise it in the context of an ineffective assistance of counsel claim. The habeas court quotes Kleinrock's testimony that even though he recognized that the issue was "at least viable," he believed that because he would have to raise it in the context of an ineffective assistance of counsel claim, "[i]t just didn't seem to be a strong issue."

The belief that somehow the reckless conduct charge claim would be less viable or effective because it would be reviewed in the framework of trial counsel's alleged ineffectiveness has no basis in fact or law; therefore, it was patently unreasonable. In addition, Kleinrock's summary rejection of the issue merely because of the context in which it would be raised is inexplicable inasmuch as he had no problem making the claim, in the Court of Appeals, that trial counsel was ineffective for failing to file a motion to suppress. What is more, *Shaw v. State*, which held that the reckless conduct charge question would prevail, was issued two months before the decision in Shorter's direct appeal; therefore, even if Kleinrock had initial reservations about raising such claim, he then should have become aware that the claim was not only meritorious, but would prevail, and he could have sought to supplement Shorter's appeal before the Court of Appeals.[1]

Although we accept, unless clearly erroneous, a habeas court's factual findings regarding appellate counsel's acts or omissions, "we are not bound by the habeas court's legal conclusion that [appellate counsel's acts or omissions constituted] a reasonable tactical move which any competent attorney in the same situation would have made and instead independently apply the applicable legal principles to the facts." *Crawford v. Thompson*, 278 Ga. 517, 519 (603 SE2d 259) (2004). Applying the appropriate legal standard here, the habeas court clearly erred in concluding that Kleinrock's omission was not outside the range of reasonable professional conduct, and that the decision to forego raising the reckless conduct charge issue was not an unreasonable one which only an incompetent attorney would adopt. *Shorter v. Waters* at 584.

---

[1] The habeas court cites Presiding Judge Blackburn's special concurrence in *Shaw v. State*, which questioned the wisdom of entitlement to a reckless conduct charge under the circumstances, in support of Kleinrock's view that the reckless conduct charge was not a strong issue, but this completely ignores the fact that the special concurrence did not dispute the analysis and result of the majority opinion, and the issue was dispositive of the appeal.

Accordingly, the judgment of the habeas court is reversed, and the case is remanded to the habeas court for proceedings consistent with this opinion. See *Heyward v. Humphrey*, 277 Ga. 565, 568 (A) (592 SE2d 660) (2004).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 25, 2004.

Spencer Shorter, *pro se.*

*Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.